HOLDERFIELD *v.* STATE.

Dec. 8, 1952

No. 38523　　　11 Adv. S. 1　　　61 So. 2d 385

*John R. Poole*, for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ARRINGTON, J.

The appellant, Leon Holderfield, was indicted for the crime of burglary and larceny, tried and found guilty as

charged and sentenced to a term of three years in the penitentiary. From this judgment he appeals.

The evidence on the part of the state as testified to by J. L. Scoggins, the owner of the Ranch House, which was alleged to have been burglarized, showed that the sum of $46 was taken from a juke box and cigarette machine which had been forcibly opened. Entry to the Ranch House was made by raising a window. Scoggins testified that he had known the appellant for a number of years, and that he had worked for him occasionally up until two or three days before the building was entered. He also testified that he had given the appellant a key to the building but could not recall whether or not the appellant had the key at the time of the alleged burglary; that the appellant had the right to enter the building at any time day or night by raising the window "if he had the key". The appellant testified in his own behalf, stating that he had the key but left it at home the night he entered the building. Scoggins testified further that the appellant did not have his permission to enter the place and break open the music box and cigarette machine and take the money. His testimony was contradictory and equivocal. There was other testimony in the case, but we do not find it necessary to detail it here.

Among the assignments of error argued by the appellant is that the court erred in granting the following instruction to the State: "The court instructs the jury for the state that even though you believe that the defendant Leon Holderfield had permission to enter the building of J. L. Scoggins known as the Ranch House, if from the evidence in this case you believe beyond every reasonable doubt that he wilfully, unlawfully, feloniously, and burglariously, broke and entered the said building on September 10, 1951, by opening a closed window thereon, with the felonious intent to take, steal, and carry away the sum of $46 or any part thereof, the property of J. L. Scroggins, or property in the care, custody, and control of J. L. Scroggins, being then and there in said

building, and which said sum of money or any part thereof of said Leon Holderfield did not have the permission to take and carry away, then it would be your sworn duty to find the defendant guilty as charged.''

The court also granted the defendant the following instruction: ''The court instructs the jury for the defendant that before you can convict the defendant of burglary, you must believe beyond a reasonable doubt that he entered the premises without the consent of the owner and with the felonious intent then and there, at the time of the entry, to commit a crime. And if you believe that he entered the building either with the owner's consent, or without a felonious intent to commit larceny you must under your oaths find him not guilty of burglary.''

(Hn 1) Under the indictment for burglary and larceny the jury returned a verdict of guilty as charged. This is a conviction for burglary. Clanton v. State, 211 Miss. 568, 52 So. 349.

The appellant was indicted under Sec. 2043, Code of 1942. Under this section it is necessary that there be an unlawful breaking and entering to constitute the crime of burglary. (Hn 2) ''The crime of burglary consists of two essential elements, viz: (1) The burglarious breaking and entering of the house, and (2) the felonious intent to commit some crime therein.'' Brumfield v. State, 206 Miss. 506, 40 So. 2d 268. In the case of Yates v. State, 172 Miss. 581, 161 So. 147, with reference to the corpus delicti of burglary, the Court said: ''It is also contended that the corpus delicti was not proven independently of the confession. The proof showed that the lock was broken, the door opened, and the seed taken away without the consent of the owner. That constituted the corpus delicti. . . . (Hn 3) It is not a part of the corpus delicti to show that the appellant did the breaking, but it was the criminal breaking *without the consent of the owner,* for the purpose of taking property stored in the building

that constituted the corpus delicti. This was amply shown by the evidence." (Emphasis ours).

(Hn 4) We are of the opinion that the court erred in giving the above quoted instruction for the state, wherein it is stated "that even though you believe that the defendant, Leon Holderfield, had permission to enter the building", as there could be no burglary if the appellant had the consent of the owner of the building to enter as he did. 12 C. J. S., Burglary, Sec. 12, states: "Except in cases of constructive breaking where an entry is effected by fraud or intimidation, as has been shown in Sec. 9, supra, there can be no breaking, and therefore there is no burglary where the occupant of a house, or an agent or servant having authority, expressly or impliedly invites or consents to the entry. The fact that one who enters with the consent of the owner commits a larceny after the entry does not make him guilty of a burglary." See also 2 Wharton's Criminal Law, 12th ed., Sec. 1048.

(Hn 5) Furthermore, this instruction is in direct conflict with the instruction granted the defendant set out above which required the jury "before they could convict the defendant of burglary" to believe "beyond a reasonable doubt that he entered the premises without the consent of the owner." These instructions did not furnish the jury a correct guide and they are in irreconcilable conflict. Murphy v. State, 89 Miss. 827, 42 So. 877; Butler v. State, 177 Miss. 91, 170 So. 148.

We are of the opinion that the testimony of Scoggins, the owner of the building, unsatisfactory though it was, was a question for the determination of the jury under proper instructions as to whether or not he had given the appellant consent to enter the building as he did. Dees v. State, 89 Miss. 754, 42 So. 605. For the granting of the instruction on the part of the state quoted above, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Lee,* and *Holmes, JJ.,* concur.