344 So.2d 144 (1977)
Linda MASON
v.
STATE of Mississippi.
No. 49597.
Supreme Court of Mississippi.
March 30, 1977.
Rehearing Denied April 20, 1977.
*145 W.E. Gore, Jr., L. Breland Hilburn, Jackson, Paul G. Swartzfager, Laurel, L.B. Porter, Union, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker Underwood, Special Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
SUGG, Justice for the Court.
Defendant, Linda Mason was indicted, tried and convicted in the Circuit Court of Newton County of the crime of burglary under Mississippi Code Annotated section 97-17-19 (1972). Specifically, defendant was convicted of burglary arising out of breaking and entering a dwelling and committing the crime of malicious mischief therein. Mississippi Code Annotated section 97-17-67 (1972). Defendant was sentenced to serve a two year prison term and appeals her conviction to this Court.
Defendant's conviction resulted from an incident that occurred on January 13, 1976, at Mr. and Mrs. Harold Mason's home located south of Newton. At the time of the incident the defendant was married to the Masons' oldest son. Mr. and Mrs. Mason left their home for work around 7:00 a.m. on the morning of January 13. Both the front and back doors to the house were closed but not locked. Upon returning home that afternoon, the couple discovered that a liquid, ultimately determined to be acid, had been poured over much of the furniture and clothing throughout the house. The acid caused the surfaces it came into contact with to deteriorate.
The sheriff was immediately called to the scene and following an inspection of the premises, the sheriff, along with the defendant's husband, drove to a cafe in Newton where the defendant was working. After a brief discussion between the defendant and her husband, the defendant announced that she wanted to talk to the sheriff concerning the incident at the Masons' home. The sheriff advised the defendant of her constitutional rights, following which the defendant admitted that she had poured acid inside the Masons' home.
Although several issues are raised by the defendant, only one merits discussion. The defendant does not seriously contend that she did not commit the offense of pouring acid on the Masons' furnishings and clothing; however, she argues that she is not guilty of burglary because she had the consent of the Masons to enter their home. Defendant argues that because breaking and entering is a necessary element of the crime of burglary, entering a dwelling with the owner's consent negates breaking and entering. The defendant therefore concludes that she is not guilty of burglary because she had the Masons' consent to enter the house at the time the offense was committed.
The crime of burglary consists of two essential elements: (1) burglarious *146 breaking and entering of a dwelling or building, and (2) the intent to commit a crime therein. Newburn v. State, 205 So.2d 260, 265 (Miss. 1967). In order to sustain a burglary conviction the state must prove both elements of the crime. We also pointed out in Newburn that the act of opening a closed entrance to a dwelling is sufficient to satisfy the essential element of breaking and entering.
In Holderfield v. State, 215 Miss. 564, 570, 61 So.2d 385 (1952), we held that under certain circumstances there can be no breaking and entering, and therefore, no burglary, where the occupant of a building consents to the entry at the time the offense is committed. However, Holderfield's conviction was reversed because of irreconcilable jury instructions introduced by both the state and the defendant concerning the question of the defendant's consent to enter the dwelling. We reversed and remanded for a new trial holding that the question of whether the defendant had the owner's consent to enter the building was for the jury's determination, but the jury was left without proper guidance because of the conflicting instructions.
In the present case the testimony does not establish that the Masons ever gave the defendant express permission to enter and leave their home when they were not present. The question of whether the Masons had impliedly given their consent to the defendant to enter their home at the time the offense was committed was a question to be determined by the jury.
Although the defendant was entitled to a jury instruction on the question of her consent to enter the dwelling, such instruction was not requested by her. In Newell v. State, 308 So.2d 71, 78 (Miss. 1975), we held that the trial court will not be put in error for its failure to instruct on any point of law unless specifically requested in writing to do so. This rule is particularly applicable in the present case since the jury was properly instructed that in order to find the defendant guilty of burglary, they must find beyond a reasonable doubt that she broke and entered the Masons' home. By returning a verdict of guilty, the jury resolved the question of the defendant's consent to enter the dwelling against her. The evidence supports the jury's finding.
AFFIRMED.
GILLESPIE, C.J. PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.