LEE, Justice,
for the Court:
Nathaniel Miles was tried and convicted in the Circuit Court of Madison County on an indictment charging burglary and larceny in one count. He was sentenced to five (5) years and appeals here.
The indictment charged burglary of the Larry Vance store building, and the larceny of merchandise valued at more than seven thousand dollars ($7,000), both in Madison County. It is undisputed that the store building was located in the city of Jackson, Hinds County, Mississippi, and that the stolen merchandise was found in a dwelling house in Madison County. The circuit judge, in chambers, announced to the attorneys that the trial would proceed on the larceny charge in the indictment, but no statement was made to the jury then or during the trial that appellant was being tried on such charge. At the conclusion of the evidence, the court did not instruct the jury that appellant was not guilty of burglary or that the case was not being submitted to the jury on the burglary charge. While some instructions defined larceny, the form of the verdict always appeared as “We, the jury, find the defendant guilty as charged.” The jury returned that verdict in open court. The judgment failed to recite the charge upon which appellant was tried and simply recited the verdict of the jury as set out above.
Anexamination of the record, excluding the court’s statement to the attorneys in chambers, indicates that appellant was being tried for the major offense of burglary, and members of the jury may well have thought that they were hearing the case on such charge. While it is permissible to charge burglary and larceny in the same indictment, a general verdict of guilty is regarded as a conviction of burglary alone. In such a situation, the lesser charge merges into the graver charge. Newburn v. State, 205 So.2d 260 (Miss.1967); Roberts v. State, 55 Miss. 421 (1877).
The only evidence connecting appellant with the crime is (1) appellant rented a house [in Madison County], subrented it to another individual, and the stolen merchandise was found in that house; (2) he had knowledge that one of the thieves was engaged in burglarious activities, and, after the merchandise was stashed in the house, (3)he borrowed a pickup truck from his brother-in-law and loaned it to one of the persons who attempted to move the merchandise.
In Harris v. State, 153 Miss. 1, 120 So. 206 (1929), Harris was convicted of burglary because the stolen goods were found in his home. He offered testimony that he was not near the house when it was burglarized, and the Court reversed because he did not have exclusive possession of his home, since his wife also occupied it. There is no evidence in the present case that appellant had been near the house since he subrented it, and it is undisputed that other persons had access to the house and were seen in it.
Jones v. State, 279 So.2d 650 (Miss.1973) involved an indictment and conviction for the sale of marijuana. Before trial, the district attorney sought permission of the court to amend the indictment in order to strike the word “sell” and substitute the words “deliver and possess.” The defendant objected, and the indictment was never actually amended. He was found guilty as charged, and, in reversing the case, this Court said:
“The motion for a new trial should have been sustained; because, although the charge of possession and delivery of marijuana is a constituent part of the charge of the sale of marijuana, the indictment actually charged the crime of sale of marijuana. There was no testimony in the record showing a sale of marijuana.
* * * * * *
*135 The verdict of the jury as above mentioned was ‘guilty as charged.’ The jury did not specify the charge of which he was guilty. The trial judge sentenced the defendant for the charge of ‘sale of marijuana.’ This was fatal error. There is no way to determine whether or not the jury intended to find the defendant guilty of the sale of marijuana or the possession and delivery of marijuana. It is certain, however, that the defendant was not shown to be guilty of the sale of marijuana.” 279 So.2d at 652.
Miles moved the trial court for a directed verdict of not guilty when the State rested, he renewed that motion at the conclusion of his evidence, and he also requested a peremptory instruction of not guilty, ■ all of which were denied. Certainly, he was not guilty of the burglary as charged in Madison County, and we are of the opinion that under the evidence and circumstances in this case, Miles was entitled to a peremptory instruction of not guilty of larceny.
REVERSED AND APPELLANT DISCHARGED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.