# IN THE COURT OF APPEALS 04/23/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 93-KA-01428 COA

**CHARLES TORNS, JR. A/K/A CHARLES TORNS**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. WILLIAM F. COLEMAN

COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT:

THOMAS FORTNER AND VICKI L. GILLIAM

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL BY: JOLENE M. LOWRY

DISTRICT ATTORNEY: ROBERT TAYLOR

NATURE OF THE CASE: CRIMINAL: COUNT I: MAIL FRAUD AND COUNT II: UTTERING A FORGERY

TRIAL COURT DISPOSITION: COUNT I: FIVE (5) YEARS AND COUNT II: FIFTEEN (15) YEARS ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS


BEFORE THOMAS, P.J., BARBER, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Charles Torns, Jr., was convicted of mail fraud and uttering a forgery in the Circuit Court of Hinds County. He appeals raising issues regarding authentication of a tape recording admitted into evidence, the denial of his motion for new trial, ineffective assistance of counsel, and merger of the two offenses. We find his claims to be without merit and affirm.

FACTS

In February 1990, a minister in North Dakota received a collect telephone call from a man who identified himself as Hollis McBride. The man told the minister that he was in prison in Mississippi. He asked for the minister's help to enable him to see his wife in North Dakota upon his release. On March 7, 1990, the minister received a registered letter. The name on the package's return address was D.L. Durant of Mississippi, but the letter inside was from McBride. An eight thousand dollar bank check was enclosed with the letter. The minister then contacted the police department and tape recorded his subsequent telephone conversations with the man identifying himself as McBride. After several telephone conversations, the man asked the minister to send seven thousand dollars in cash to D.L. Durant at a particular street address in Jackson, Mississippi. On March 22, 1990, a postal inspector attempted to deliver a package to this street address, but no one answered the door. After the inspector got back into his mail truck, a man--later identified as Torns--approached him. The inspector asked Torns if he was D.L. Durant and Torns answered affirmatively. The inspector then gave Torns the package and he signed for it as D.L. Durant. Once the inspector identified himself as a postal authority to Torns, Torns left the package and ran off. A detective at the scene captured Torns.

A bank teller at a Jackson, Mississippi bank testified that she issued an official bank check for eight dollars on March 5, 1990 to Torns. The bank check she issued to Torns was identified as the same check which was received by the minister. The only difference in the check was the amount. The amount of the check when it was issued was eight dollars, but it was eight thousand dollars at the time the minister received it in the mail.

DISCUSSION

1. *Authentication of the Tape Recording*

Torns contends that the trial court erred in admitting into evidence the tape recordings of the minister's telephone conversations with the man who identified himself as McBride. Torns maintains that the tape recordings were not properly authenticated pursuant to Mississippi Rule of Evidence 901(a) because no one identified the voice of the man who called himself McBride as being the voice of Torns.

The requirement of authentication of evidence is governed by Rule 901(a) of the Mississippi Rules of Evidence. Rule 901(a) provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." M.R.E. 901(a). Here, the State claimed that the tapes were

recordings of conversations between the minister and a man using the name Hollis McBride. At trial, the minister properly identified the tapes and his voice on the tapes pursuant to Rule 901(a). This identification satisfied the authentication requirement the Rule. Because the State did not offer the tapes to prove that the voice of the man who identified himself as McBride was the voice of Torns, the State was not required to provide identification of Torns as the voice of the man who called himself McBride.

Torns points to the supreme court decision, *Middlebrook v. State,* to stand for the proposition that "[v]oice identification is a prerequisite for the tape to be admissible." *Middlebrook v. State*, 555 So. 2d 1009, 1013 (Miss. 1990). We find *Middlebrook* to be inapplicable to the issue here because in *Middlebrook,* unlike the case at hand, the State claimed that the voices on the tape were the police officer's and the defendant's. *Id.* at 1013. Thus, compliance with Rule 901(a) under the facts involved in the *Middlebrook* case required that the State identify the voices on the tape as those of the police officer and the defendant.

Torns also argues that the jury was not at liberty to use circumstantial reasoning to decide whether the voice of McBride was that of Torns because it was not given an instruction to do so. However, our examination of the record reveals that the defense never requested such an instruction. "Failure to request an instruction at trial works to bar assertion of error on appeal." *Materials Transportation Co. v. Newman,* 656 So. 2d 1199, 1203 (Miss. 1995) (citation omitted). We consequently find the issue procedurally barred.

## 2. *Denial of Motion for New Trial and Effectiveness of Counsel*

Torns contends that the trial court erred in denying his amended motion for new trial because of the post-trial testimony of his mother and one of his nine brothers. Their testimony alleged that it was Torns' brother, Freddie Joe McKenzie, and not Torns, who purchased the altered check from the bank. Torns claims that this testimony constitutes new and material evidence and as such, should have justified the granting of a new trial pursuant to Rule 5.16(3) of the Uniform Criminal Rules of Circuit Court Practice. Rule 5.16 provides:

> The court on written notice of the defendant may grant a new trial on any of the following grounds:
>
> . . .
>
> (3) Where new and material evidence is recently discovered which would probably produce a different result at a new trial, and such evidence could not have been discovered sooner, by diligence of counsel . . . .

It is clear from the record that defense counsel knew about the allegation of Torns' mother at trial, before closing arguments. Moreover, in addition to McKenzie, Torns has eight other brothers who defense counsel could have questioned. Thus, as noted by the trial judge, these allegations could have easily been discovered earlier and presented to the jury before its deliberation.

Torns raises an alternative argument that he was denied effective assistance of counsel because of

defense counsel's knowledge of the possibility that such testimony could exist and his failure to present it to the jury. In order to prevail on this issue, Torns must prove that his lawyer's performance was deficient, and that the deficiency was so substantial as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984); *Moody v. State*, 644 So. 2d 451, 456 (Miss. 1994). Torns must demonstrate a reasonable probability that the result of the trial would have been different but for counsel's deficiencies. *Nicolaou v. State*, 612 So. 2d 1080, 1086 (Miss. 1992). There is a strong but rebuttable presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Moody*, 644 So. 2d at 456. Accordingly, appellate review of counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689.

The alleged deficiency here relates to the defense's trial strategy. Lawyers are permitted wide latitude with such matters. *Edwards v. State*, 615 So. 2d 590, 597 (Miss. 1993); *Woodward v. State*, 635 So. 2d 805, 808-09 (Miss. 1993). Moreover, at least some would consider the testimony at issue to be less than compelling, and even unbelievable. The testimony of Torns' mother and brother appears to be a two-edge sword, and perhaps more harmful then helpful. In fact, presenting testimony to a jury which counsel believes that the jury would consider unbelievable would constitute ineffective assistance. Under the circumstances, defense counsel's decision not to present the testimony at issue to the jury was understandable trial strategy and not prejudicial ineffective assistance of counsel.

3. *No Merger of the Two Offenses*

Torns contends that the trial court erred in sentencing him for both convictions--mail fraud and uttering a forgery--because of his claim that uttering a forgery is a lesser included offense of mail fraud. We find no contemporaneous objection on this ground in the record. Generally, this Court will not address an objection raised for the first time on appeal. *Willie v. State,* 585 So. 2d 660, 665-66 (Miss. 1991). The defense, however, characterizes this matter as erroneous sentencing with due process and double jeopardy implications. Because these alleged errors may affect fundamental rights, we address the merits of the issue. *Id.* at 666 (noting that errors affecting fundamental rights are an exception to the rule that questions not raised in the trial court cannot be raised for the first time on appeal).

Torns was charged with mail fraud and uttering a forgery as two separate counts in a single indictment. The elements of count one, mail fraud, are found in section 97-19-83(1) of the Mississippi Code of 1972 which provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, . . . for the purpose of executing such scheme or artifice or attempting so to do, transmits or causes to be transmitted by mail . . . across county or state jurisdictional lines.

Miss. Code Ann. § 97-19-83(1) (1972). Section 97-21-59 provides the elements of count two, uttering a forgery. This section provides:

> Every person who shall be convicted of having uttered or published as true, and with intent to defraud, any forged, altered, or counterfeit instrument, . . . , the forgery, altering, or counterfeiting of which is declared by the provisions of this chapter to be an offense,

knowing such instrument or coin to be forged, altered, or counterfeited, shall suffer the punishment herein provided for forgery.

*Id.* § 97-21-59.

The premise of the defense's argument is that uttering a forgery is a lesser included offense of mail fraud. Based upon this premise, Torns asserts that (1) he should have been sentenced only to the greater charge of mail fraud, and (2) his rights against double jeopardy were violated. We disagree with the defense's premise. In an attempt to support its argument, the defense cites as authority the following inapposite supreme court decisions: *Miles v. State,* 344 So. 2d 133 (Miss. 1977); *Newburn v. State,* 205 So. 2d 260 (Miss. 1967); *Holderfield v. State,* 215 Miss. 564, 61 So. 2d 385 (1952); *Roberts v. State,* 55 Miss. 421 (1877). These cases do not involve the issue at hand, but rather pertain to the issue of how to read general jury verdicts of guilty when both larceny and burglary are joined in a single count.

The cases which do relate to the present issue require this Court to ascertain if each statutory offense requires proof of a fact which the other does not. *E.g., Meeks v. State,* 604 So. 2d 748, 751 (Miss. 1992) (citing *Blockburger v. United States,* 284 U.S. 299, 303 (1932)). If so, then the offenses do not merge. *Meeks,* 604 So. 2d at 751 (citing *Blockburger v. United States,* 284 U.S. 299, 303 (1932) ). The offense of mail fraud requires proof of a fact which uttering a forgery does not--proof of transmitting or causing to transmit a scheme to defraud by mail. The flipside is also true. Uttering a forgery requires proof of a fact which the mail fraud statute does not require--proof of intentional uttering or publishing as true a forged, altered, or counterfeit instrument. This proof of fact is not required by the mail fraud statute. Thus, mail fraud and uttering a forgery are separate and distinct offenses, even though here they arose out of the same sequence of events. We consequently find that Torns is not entitled to prevail on this assignment of error.

We affirm.

**THE JUDGMENT AND CONVICTION OF THE CIRCUIT COURT OF HINDS COUNTY OF COUNT I : MAIL FRAUD AND COUNT II: UTTERING A FORGERY AND SENTENCE AS A HABITUAL OFFENDER OF FIVE (5) YEARS FOR COUNT I AND FIFTEEN (15) YEARS FOR COUNT II ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCES TO RUN CONCURRENTLY IS AFFIRMED. COSTS ARE ASSESSED TO HINDS COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, AND PAYNE, JJ., CONCUR.**