¶ 1. Roland Anderson was convicted in the Circuit Court of Hinds County on the charge of burglary of an occupied dwelling with intent to kidnap and was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections as an habitual offender. Aggrieved, Anderson appeals raising the following issues: 1) that the court erred in denying appellant's motion to dismiss in deprivation of appellant's constitutional right to a speedy trial pursuant to the Sixth andFourteenth Amendments to the United States constitution and Miss. Code Ann.99-1-5 (Rev. 1994), 2) that the court committed reversible errorby permitting the prosecutor to elicit testimony of a separate anddistinct crime, depriving Anderson of due process under thefederal and state Constitutions and a fundamentally fair trial; 3)whether the verdict of burglary was against the overwhelmingweight of the evidence, and 4) that the court erred in sentencingAnderson as a habitual offender. Finding no merit in Anderson'sassignments of error, this Court affirms this verdict andsentence.
 FACTS ¶ 2. On May 26, 1992, Dorothy Brister was scheduled to testify against a drug dealer in a federal trial. Brister, a bail bondsman, was a confidential informant for the Jackson Police Department (JPD) and the Drug Enforcement Agency (DEA). On May 25, 1992, the day prior to her scheduled testimony, a "police officer" arrived to take Brister into protective custody. This "police officer" flashed a silver badge and was admitted into Brister's house by her twelve year old daughter. Brister, asleep when the "police officer" was initially let into to the house, immediately became suspicious as he attempted to take her in protective custody. She attempted to call the detectives with whom she worked but was not allowed to place any calls. The "police officer" flashed his silver badge again and told Brister that her house was going to blow up.
 ¶ 3. Brister attempted to stall the" police officer". He coerced Brister outside and into the back seat of her rental car. As Brister became more vocal and attempted to jump out of the car, the "police officer" turned around and shot her in the neck. This attack left Brister partially paralyzed in her left hand. Although Brister was shown many photographs by both JPD and DEA, her assailant was not among them.
 ¶ 4. In July 1995, Brister, still a bail bondsman, was posting a bond at the Hinds County Detention Center. As she sat waiting for the bondee, she heard three men come into the waiting area. Brister had her head down when she heard the *Page 285 
voice of her assailant. She immediately looked up and recognized the face of her assailant. As a result of this encounter, Anderson was arrested and charged with aggravated assault, impersonating a police officer and burglary of an occupied dwelling with the intent to kidnap. Anderson was tried on these charges in February 1997. When the jury was unable to reach a verdict, a mistrial was declared.
 ¶ 5. Anderson was tried again on all three charges in April 1997. The jury returned a guilty verdict on all counts. Anderson was sentenced to fifteen years on the charge of burglary of an occupied dwelling. Since the charges of aggravated assault and impersonating a police officer were beyond the statute of limitations, the court subsequently dismissed these two charges.
 ANALYSIS ISSUE ONE: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TODISMISS IN DEPRIVATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO ASPEEDY TRIAL PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TOTHE UNITED STATES CONSTITUTION AND BY ARTICLE 3, SECTION 26 OF THEMISSISSIPPI CONSTITUTION AND MISSISSIPPI CODE ANNOTATED 99-1-5(1972)
 ¶ 6. Anderson has alleged a constitutional and statutory speedy trial violation. However, the record before this Court is insufficient to weigh the merits of that claim. It is Anderson's obligation to be sure that the record fairly reflects all information to support his claim. Williams v. State,522 So.2d 201, 209 (Miss. 1988). Where the record is not adequate, this Court has no obligation to consider that claim and declines to do so.
ISSUE TWO: WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BYPERMITTING THE PROSECUTOR TO ELICIT TESTIMONY OF A SEPARATE ANDDISTINCT CRIME, DEPRIVING ANDERSON OF DUE PROCESS UNDER THEFEDERAL AND STATE CONSTITUTIONS AND A FUNDAMENTALLY FAIR TRIAL.
 ¶ 7. Anderson claims that the court erred by failing to analyze the evidence of other crimes under M. R. E. 404(b), prior to admitting the same into evidence. Anderson specifically refers to the evidence related to the charges of aggravated assault and impersonating a police officer. Anderson alleges that the trial court, prior to the trial, should have granted his motion to dismiss as these two charges were beyond the statute of limitations. These two charges were eventually dismissed by the lower court, after the jury found Anderson guilty on all three charges. Anderson alleges that an initial ruling would have limited the admissibility of the evidence regarding these two separate crimes.
 ¶ 8. The State suggests that these offenses, aggravated assault and impersonating a police officer, are so interrelated and interconnected in time as to constitute a single transaction, and are therefore admissible. Lesley v. State, 606 So.2d 1084, 1089
(Miss. 1992); see also Lockett v. State 517 So.2d 1346, 1354-1355
(Miss. 1987).
 ¶ 9. In the present case, each of the acts was inextricably interwoven. Where events are so interwoven, they can only be understood by a full recitation of all of the related and interwoven events. Under these circumstances, matters which would otherwise be inadmissible, are admissible. Neal v. State,451 So.2d 743, 759 (Miss. 1984).
 ¶ 10. A three count indictment was returned against Anderson; one of which was burglary of an occupied dwelling with the intent to kidnap. The elements of burglary are (1) an unauthorized entry (or breaking), and (2) the intent to commit a crime therein Miss. Code Ann. 97-17-19 *Page 286 
(Rev. 1994) Mason v. State, 344 So.2d 144, 145
(Miss. 1977).
 ¶ 11. Each element of burglary must be proven at trial. Hunter v.State, 684 So.2d 625, (¶ 24) (Miss. 1996).
 ¶ 12. Unauthorized entry (or breaking) may be established by showing entry was gained by false pretense. See Templeton v.State, where the supreme court stated, "If the act of turning a door knob constitutes an act or effort sufficient to constitute a `breaking' then surely the act of gaining or enticing an invitation into someone's home with the ultimate intention of committing a burglary once inside, likewise constitutes an act or effort sufficient to constitute a breaking . . . the effort involved in Templeton's act of gaining or enticing an invitation takes more effort, manipulation, incitement, deceit, pretense, etc. . . . than turning a door knob or simply crossing the threshold of someone's front door without the invitation".Tempelton v. State, 725 So.2d 764, 766 (¶ 6) (Miss 1998).
 ¶ 13. Anderson gained entry by fraudulently claiming to be a police officer. It was, therefore incumbent upon the State to prove this fraudulent entry to establish a breaking.
 ¶ 14. The underlying crime in this burglary was the attempted kidnaping of Dorothy Brister. Where the underlying crime is not completed, the State has to offer sufficient facts to establish the necessary intent. In the present case the circumstances relied upon by the State to establish intent were (1) entry under false pretense, (2) Anderson's failed effort to have Brister go with him voluntarily, (3) Anderson's efforts to force Brister into the car, and (4) Anderson's wounding of Brister when she attempted to escape. Each of these was a part of the attempted kidnap and each was necessary to establish the offense of attempted kidnap.
 ¶ 15. Likewise, these matters were equally necessary to establish the elements of burglary.
 ¶ 16. Anderson suggests that an early ruling on his motion would have precluded evidence on (1) the offenses of impersonation of an officer and (2) aggravated assault. This suggestion is not supported by the facts or law. Even if the trial court had ruled on Anderson's statute of limitation motion, the matter would have been admissible to establish the offense of burglary.
 ¶ 17. Anderson has offered no meaningful discussion or citation on his remaining issues. We therefore decline to address them other than to note their lack of merit.
 ¶ 18. Accordingly, we affirm.
 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OFCONVICTION OF COUNT II BURGLARY OF AN OCCUPIED DWELLING ANDSENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPIDEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED.ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE,MOORE, PAYNE, AND THOMAS, JJ., CONCUR.