815 So.2d 1230 (2001)
Anthony SWIFT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-02124-COA.
Court of Appeals of Mississippi.
November 20, 2001.
Rehearing Denied February 19, 2002.
Certiorari Denied May 9, 2002.
*1232 Anthony Swift, Pro Se.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
Before KING, P.J., BRIDGES, and IRVING, JJ.
KING, P.J., for the Court:
¶ 1. Anthony Swift perfected this appeal from an order denying post-conviction collateral relief entered by the Circuit Court of Clay County, Mississippi. On October 14, 1999, Swift pled guilty to possession of cocaine. Swift was sentenced to serve a term of six years in the custody of the Mississippi Department of Corrections and placed on five years post-release supervision.
¶ 2. On March 20, 2000, Swift filed a pro se petition for post-conviction collateral relief. The petition was dismissed without a hearing by the trial court. On appeal, Swift states his issues as follows:
I. Whether the trial court erred in accepting a plea of guilty because the State presented no evidence of guilt.
II. Whether the State violated Rule 4.06 of the Mississippi Criminal Rules of Circuit Court Practice (now called Rule 9.04 of the Uniform Rules of Circuit and County Court Practice).
III. Whether the State violated his Fifth Amendment rights.
IV. Whether the plea was entered into because of threats and coercion (involuntary plea).
V. Whether the trial court erred in not granting him an evidentiary hearing.
VI. Whether he received ineffective assistance of counsel.
VII. Whether the State should have been allowed to accuse him of being guilty for another crime which he had not been charged with.
VIII. Whether the State had a duty to offer proof which would back their claim.
IX. Whether the trial court erred in its sentencing and not informing him of the maximum and minimum penalties allowed.
X. Whether there was a defective indictment.
¶ 3. While Swift's drafting is inartful and it is questionable as to whether the specific items mentioned in his brief are similar to those issues raised at trial. As a pro se litigant, this Court will
give Swift the benefit of the doubt and address each issue.

FACTS
¶ 4. On October 11, 1999, Swift was indicted for possession of cocaine in an amount of 9.2 grams. The parties reached a plea agreement on this charge. That agreement included the State's promise not to seek an enhanced punishment.
¶ 5. On July 6, 1999, Anthony J. Farese represented Swift during his preliminary hearing. During his guilty plea hearing on October 14, 1999, Swift was represented by a public defender. During that hearing, the trial judge questioned Swift to determine whether his plea to the charge *1233 of possession was knowingly and voluntarily made. Swift testified that he understood the nature of the charge and was guilty of the crime.
¶ 6. The trial judge also questioned Swift to determine if he understood that, under the laws of the State of Mississippi, an individual with a prior felony conviction is not eligible for probation. Swift acknowledged that he understood this. In 1994, Swift was convicted for the sale of cocaine, sentenced to ten years in the custody of the Mississippi Department of Corrections, and ordered to attend a drug and alcohol rehabilitation program. The trial judge asked Swift if he understood that based upon the amount of cocaine possessed, the court must sentence him to not less than four nor more than sixteen years and impose a fine up to two hundred and fifty thousand dollars. The trial judge also asked Swift if anyone had threatened him or promised him anything in regard to his plea. Swift testified that he had not been threatened or promised anything. The trial judge then questioned Swift's attorney to determine if he had advised Swift of his constitutional rights and of the elements of the crime of possession of cocaine. Swift's attorney responded affirmatively.
¶ 7. Based upon Swift's responses, the trial judge determined that Swift understood the nature of the charge against him, the nature and consequences of his plea of guilty, and the maximum and minimum sentences required by law. Therefore, the court found Swift's plea of guilty to be freely, voluntarily, and knowingly made.
¶ 8. Upon inquiry by the court, the State recommended that Swift be sentenced to serve a term of six years in the custody of the Mississippi Department of Corrections and be placed on five years post-release supervision upon release and fined an amount to be set by the court. The court accepted the recommendation of the State, but did not impose a fine.
¶ 9. On March 20, 2000, Swift filed a petition for post-conviction collateral relief. By order dated July 25, 2000, the court dismissed this petition and found the claims to be without merit. In his order, the trial judge mistakenly stated that Swift had been sentenced to one year for possession of cocaine. This order was corrected to show that Swift had been sentenced to serve six years in the custody of the Mississippi Department of Corrections, with five years post-release supervision. It was from that denial of relief that Swift perfected this appeal.

ISSUES AND ANALYSIS

I.
Whether the trial court erred in accepting a plea of guilty because the State presented no evidence of guilt.
¶ 10. When this Court reviews a trial court's decision to deny a petition for post-conviction relief, it will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595(¶ 6) (Miss.1999). "However, where questions of law are raised the applicable standard of review is de novo." Id.
¶ 11. Swift contends that his plea should not have been accepted by the trial court. Swift argues that the State did not present evidence of his guilt. However, this Court has held that a voluntary guilty plea waives the requirement that the prosecution prove each element of the offense. Johnson v. State, 753 So.2d 449 (¶ 18) (Miss.Ct.App.1999). Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules states:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court *1234 must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
The transcript reveals that the trial court determined that Swift's plea was voluntary based upon his responses to the court's questions regarding his plea. As a basis for the plea, Swift stated that he was in fact guilty of possession of cocaine as set forth in the indictment. The trial court complied with the voluntariness standard stated above. We find that this issue is without merit.

II.
Whether the State violated Rule 4.06 of the Mississippi Criminal Rules of Circuit Court Practice (now called Rule 9.04 of the Uniform Rules of Circuit and County Court Practice).
¶ 12. Swift contends that based upon Rule 4.06 of the Mississippi Criminal Rules of Circuit Court Practice, he was entitled to evaluate all evidence against him during plea negotiations. This rule states in pertinent part that:
The prosecution must disclose to each defendant or to defendant's attorney, and permit the defendant or defendant's attorney to inspect, copy test, and photograph upon written request and without the necessity of court order the following which is in the possession, custody, or control of the State ...
To the extent that Swift chose to enter a guilty plea, he waived any discovery violations that might have occurred. Swift pled guilty, which waived his right to receive evidence which may have been presented through discovery. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). We find this issue to be without merit.

III.
Whether the State violated Swift's Fifth Amendment rights.
¶ 13. Swift contends that his Fifth Amendment rights were violated. However, he waived these rights when he pled guilty. The law is well settled that when properly entered and accepted, "[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Id. Having previously determined that his guilty plea was voluntary, we find this issue lacks merit.

IV.
Whether the plea was entered into because of threats and coercion (involuntary plea).
¶ 14. The Appellant is obligated to designate the relevant portions of the record for his appeal, and to include in that designation sufficient evidence to support his claim. Anderson v. State, 749 So.2d 283(¶ 6) (Miss.Ct.App.1999). Swift failed to present evidence which suggested that his plea was the product of threats or coercion. Swift offered no affidavits or other evidence which set forth the facts and evidence to support this claim. Therefore, this claim is without merit as well.

V.
Whether the trial court erred in not granting Swift an evidentiary hearing.
¶ 15. Swift argues that the trial court erred by ruling on his motion for post-conviction relief without conducting *1235 an evidentiary hearing. The trial court denied Swift's petition based on the record of the plea hearing and all attached documents. Mississippi Code Annotated Section 99-39-11(2) (Rev.2000) states:
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Also, Mississippi Code Annotated Section 99-39-19(1) (Rev.2000) states:
(1) If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
The trial court found that the petition, the record and other documents, failed to demonstrate that Swift was entitled to any relief. This Court cannot say that was an abuse of discretion.

VI.
Whether Swift received ineffective assistance of counsel.
¶ 16. Swift contends that he was denied effective assistance of counsel because his attorney advised him to enter a guilty plea without investigating potential defenses or determining whether the district attorney's office had other pending charges against him.
¶ 17. To establish an ineffective assistance of counsel claim, Swift must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). Swift has not provided any evidence to suggest that his attorney was ineffective. In fact, the record suggests that counsel was effective in that other charges were retired to the file and Swift was not charged as an habitual offender. Therefore, this Court finds no merit in this issue.

VII.
Whether the State should have been allowed to accuse Swift of being guilty of another crime for which he had not been charged.
¶ 18. This issue is without merit. Swift pled guilty to the same offense with which he was charged.

VIII.
Whether the State had a duty to offer proof of its charge.
¶ 19. As mentioned under issues II and III, when properly entered and accepted, "[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson, 556 So.2d at 1019. Based on Swift's voluntary guilty plea, we find no error as a basis for reversal.

IX.
Whether the trial court erred in its sentencing and not informing Swift of the maximum and minimum penalties allowed.
¶ 20. The record reveals the trial judge specifically advised and questioned Swift as follows:

*1236 Q. You have a prior felony conviction for the sale of cocaine in nineteen ninety-four?
A. Yes, sir.
Q. Do you understand that under the laws of the State of Mississippi if you have a prior felony conviction you cannot get probation?
A. I do.
Q. Now, in the amount of cocaine that you possessed do you understand that this Court must sentence you to not less than four nor more than sixteen years and impose a fine up to two hundred and fifty thousand dollars?
A. Yes, sir.
Q. Mr. Buck, did you advise Mr. Swift of his constitutional rights?
BY MR. BUCK: Yes, sir.
Q. Did you also advise him of the elements of the crime to which he's pleading guilty, that is, possession of cocaine?
BY MR. BUCK: Yes, sir.
Q. Did he give you any indication or reason to believe that he did not understand those rights or the elements of this crime?
BY MR. BUCK: No, sir.
Q. Mr. Swift, did your lawyer, any police officers or anyone else promise you anything or threaten you to get you to sign this petition or plead guilty to this charge?
A. No.
¶ 21. The sentence imposed correctly falls within Mississippi Code Annotated Section 41-29-139(1)(C) (Rev.1993) as previously stated by the trial court. Having reviewed the statutory provision, we affirm the trial court's decision.

X.
Whether the indictment was defective.
¶ 22. Swift contends that he was indicted for possession of cocaine with an enhanced punishment which made the indictment defective. A careful review of the indictment shows that enhanced punishment is listed on the top of the document. However, the actual charging portion of the indictment reads:
Anthony Swift late of the County aforesaid, on or about the 2nd day of April 1999, in the County aforesaid, did unlawfully, wilfully, feloniously, knowingly and intentionally possess a controlled substance, to-wit: cocaine, in an amount of 9.2 grams; the said ANTHONY SWIFT having been previously convicted in the Circuit Court of Clay County, Mississippi in cause number 7092 for the crime of Sale of Cocaine, a felony, and sentenced on May 9, 1994 to serve a term of Ten (10) years in the Mississippi Department of Corrections, and Ordered to attend the Drug and Alcohol Rehabilitation Program; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Mississippi.
¶ 23. Had the State in fact sought an enhanced punishment, the indictment would be defective. However, it becomes a moot point since no effort was made to seek an enhanced punishment and Swift pled guilty to precisely what he was charged with.
¶ 24. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.