943 So.2d 51 (2005)
Emma HANNAH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00725-COA.
Court of Appeals of Mississippi.
April 26, 2005.
Rehearing Denied October 25, 2005.
Emma Hannah, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
*52 LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On December 11, 2002, Emma Hannah pled guilty to manslaughter in the June 8, 2001, slaying of Winifred Hannah by throwing a pot of boiling water on him, resulting in his death approximately twenty-one days later. Hannah was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Hannah filed a motion for post-conviction relief in the Circuit Court of Winston County. The trial court denied the motion for post-conviction relief on March 12, 2004, however that order was neither entered in the minutes of the court, nor filed with the circuit clerk. On November 8, 2004, the circuit court entered a substitute order denying Hannah's motion for post-conviction relief. It is from this denial that Hannah now appeals, arguing four assignments of error which have been summarized as follows: (1) Did the State err in its investigation of the crime scene, thereby permitting the destruction of evidence that could have eliminated Hannah as a suspect? (2) Did the trial court err in failing to dismiss the charges against Hannah because of the State's failure to preserve certain samples of saliva and semen? (3) Were Hannah's due process rights violated if the State concealed certain evidence? and (4) Was Mr. Hannah's death caused by medical treatment?
¶ 2. Finding no merit to Hannah's errors, we affirm the decision of the trial court.

STANDARD OF REVIEW
¶ 3. "When reviewing a lower court's decision to deny a petition for post-conviction relief this court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595(¶ 6) (Miss. 1999)
I. DID THE TRIAL COURT ERR IN DENYING HANNAH'S MOTION FOR POST-CONVICTION RELIEF?
(A) Assignment of errors protesting the investigation of the crime scene
¶ 4. In her motion for post-conviction relief and in her brief, Hannah argues that the police inadequately investigated the crime. Hannah asserts that had the police investigated properly, evidence would have been discovered which would have obviated any need to consider her a suspect. In Swift v. State, 815 So.2d 1230, 1234(¶ 3) (Miss.Ct.App.2001), this Court stated:
The law is well settled that when properly entered and accepted, `[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt.'
¶ 5. Assuming that Hannah's guilty plea was valid, a point she does not contest on appeal, she waived her opportunity for a jury to consider alternate theories of how Mr. Hannah was scalded to death. Hannah has waived her opportunity for a jury to review the sufficiency of evidence in her case, and we decline to review it as well. Steele v. State, 845 So.2d 758, 759(¶ 4) (Miss.Ct.App.2003).
(B) Assignment of error concerning evidence the State "suppressed"
¶ 6. In two assignments of errors Hannah argues that the State concealed certain evidence from her. First, Hannah argues that the trial court should have dismissed the indictment because "the *53 state had breached a constitutional duty to preserve any useful evidence that would provide due process of law and a criminal defense." Hannah has failed to include any additional information in support of this allegation, therefore we find that it lacks merit. See Ray v. State, 876 So.2d 1032, 1037(¶ 22) (Miss.Ct.App.2004).
¶ 7. Hannah next argues that the State did not disclose that Mr. Hannah told staff at the burn center that his girlfriend poured boiling water on him. In her motion for post-conviction relief, as well as in her brief, Hannah included some of Mr. Hannah's medical records. One chart in particular indicated that "Mr. Hannah was a 42 year old black man who received multiple burns after it was stated that his girlfriend threw a pan of boiling hot water over him while he was sleeping." A plea of guilty waives any evidentiary issue. Jefferson v. State, 855 So.2d 1012, 1014(¶ 11) (Miss.Ct.App.2003). Furthermore, to the extent that Hannah elected to enter a plea of guilty, she waived any discovery violations that might have occurred. Swift, 815 So.2d at 1234(¶ 12). As previously discussed, Hannah pled guilty, which waived her right to receive evidence which might have been presented through discovery. We accordingly find that this issue lacks merit.
(C) Assignment of error regarding the cause of death
¶ 8. Finally Hannah argues that Mr. Hannah died as a result of misdiagnosis or mistake. As previously discussed in this opinion, in pleading guilty, Hannah waived the right to present alternate theories of Mr. Hannah's death to the jury. This issue is without merit.
¶ 9. After a careful review of the motion for post-conviction relief, Hannah's brief on appeal, and the record, we cannot find that the trial judge abused his discretion in denying Hannah's motion. Accordingly, we affirm the judgment of the circuit court.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.