818 So.2d 369 (2002)
Danny WHITE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01306-COA.
Court of Appeals of Mississippi.
May 14, 2002.
*370 White, Pro Se, for appellant.
Office of the Attorney General, by Jo Anne M. McLeod, for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. Danny White, pro se, appeals an order of the Circuit Court of Copiah County, Mississippi denying his petition for post-conviction relief. Aggrieved, White perfected this appeal raising the following issues as error:
I. WHETHER WHITE WAS ENTITLED TO AN EVIDENTIARY HEARING.
II. WHETHER WHITE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS AT SENTENCING.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On March 7, 1997, White was indicted for the offense of unlawful sale of cocaine within fifteen hundred feet of a church as an habitual offender and on August 7, 1998, he pled guilty to the charge. Upon the State's recommendation, White was sentenced to serve twelve years without parole or early release in the custody of the Mississippi Department of Corrections. On June 28, 2001, White filed a petition for post-conviction relief contending that he was denied effective assistance of counsel and due process of the law at sentencing. His motion was denied without a hearing for lack of merit.

ANALYSIS

I. WHETHER WHITE WAS ENTITLED TO AN EVIDENTIARY HEARING.
¶ 3. White argues that the trial court improperly ruled on his motion without conducting a hearing on the claims of ineffective assistance of counsel and denial of due process at sentencing. White offered no affidavits or other evidence in support of his assertions, either at the trial court level or on appeal.
¶ 4. A trial court has considerable discretion in determining whether to grant an evidentiary hearing. Meeks v. State, 781 So.2d 109, 114 (¶ 14) (Miss.2001). According to Miss.Code Ann. § 99-39-11 (Rev.2000), "if it plainly appears from the *371 face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal." Miss.Code Ann. § 99-39-11 (Rev. 2000). In addition,
when the prima facie showing that is a necessary prerequisite to an evidentiary hearing consists solely of the assertions of the movant himself, the trial court may disregard such assertions when they are substantially contradicted by the court record of the proceedings that led up to the entry of the judgment of guilt.
Wilson v. State, 760 So.2d 862, 864 (¶ 5) (Miss.Ct.App.2000).
¶ 5. White has presented no evidence beyond his mere assertions that he was denied due process and effective assistance of counsel and the plea petition and the transcript of the plea acceptance hearing substantially contradict these assertions. The trial judge, after his review of the petition to enter a guilty plea and the court file, clearly acted within his authority to rule on White's motion without an evidentiary hearing and did not abuse his discretion in relying on White's sworn testimony. Simpson v. State, 678 So.2d 712, 716 (Miss. 1996); Mowdy v. State, 638 So.2d 738, 743 (Miss.1994). This assignment of error is without merit.

II. WHETHER WHITE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS AT SENTENCING.
¶ 6. First, White contends that "he has been sentenced as an [sic] recidivist contrary to established law" and that his attorney was ineffective for failure to object to the habitual offender status. White assigns as the second error that the court denied him due process at sentencing because the indictment contained false charges against him, which rendered the court without the power to sentence him as an habitual offender. Although White cited authority as a basis for his arguments in the denied original post-conviction relief motion to the trial court, White cites no authority on appeal for the proposition that his attorney was deficient for failing to object to habitual offender status, nor for the argument that he was denied due process during sentencing.
¶ 7. The Mississippi Supreme Court has stated, "[t]here is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to this Court." Clark v. State, 503 So.2d 277, 280 (Miss.1987). Furthermore, the appellant has the duty to make more than mere assertions and should set forth reasons for his arguments and cite authorities in their support. Id. If the party does not provide this support, this Court is under no duty to consider assignments of error when no authority is cited. Drennan v. State, 695 So.2d 581, 585-86 (Miss.1997). In examining this combination of issues in the present case, this Court notes that White failed to make meaningful arguments or cite pertinent authority in addressing these issues. Therefore, these assignments of error are procedurally barred from review.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.