868 So.2d 1038 (2004)
Arlis Kimble STEEN, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01794-COA.
Court of Appeals of Mississippi.
January 6, 2004.
Rehearing Denied March 23, 2004.
*1039 Arlis Kimble Steen, Jr., Appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, P.J., IRVING and GRIFFIS, JJ.
KING, P.J., for the Court.
¶ 1. On September 24, 2002, Arlis Kimble Steen, Jr., pro se, filed a motion for post-conviction collateral relief in the Circuit Court of Attala County, Mississippi. That motion was denied, and Steen has perfected this appeal.
¶ 2. On appeal, Steen has raised the following issues:
I. Whether he received effective assistance of counsel.
II. Whether his guilty pleas were voluntary.

FACTS
¶ 3. In September 1999, Steen was indicted on two counts of the sale of marijuana.
¶ 4. On September 14, 2000, Steen, represented by counsel, entered guilty pleas to the charges against him. During the plea hearing, the trial judge questioned Steen to determine whether his pleas of guilty to the sale of marijuana were knowingly and voluntarily made. Steen testified that he understood the nature of the charges and was in fact guilty of the crimes. The trial judge questioned Steen to determine whether he was under the influence of drugs or undergoing any mental treatment. Steen stated that he was neither under the influence of drugs nor undergoing treatment.
¶ 5. The trial judge asked if Steen understood that he was entitled to a public trial by jury, had the right to cross-examine those persons testifying against him, and the right to subpoena witnesses to testify on his behalf. Steen indicated that he understood these rights. The trial judge informed Steen that pleading guilty would waive these constitutional rights including the right to testify or not testify. Steen indicated that he understood the waiver of these rights.
*1040 ¶ 6. Additionally, the trial judge asked Steen whether he had fully discussed all the facts and circumstances surrounding this case with his attorney. Steen responded affirmatively. The trial judge asked Steen whether he had talked about any possible defenses available to him if he went to trial. Steen indicated that he did discuss this with his attorney. The trial judge asked Steen whether he had been threatened or coerced into pleading guilty. Steen stated that he had not been threatened or coerced into pleading guilty. The trial judge also asked whether he understood the minimum and maximum penalties required by law on the charges against him. Steen acknowledged that he understood this. The trial judge asked Steen if he was satisfied with his attorney's representation, to which Steen responded, "Yes, sir."
¶ 7. The trial judge then accepted Steen's plea of guilty to each charge of the sale of marijuana.

ISSUES AND ANALYSIS

I.

Whether Steen received effective assistance of counsel.
¶ 8. Steen claims that his attorney's deficient performance deprived him of a fair trial, and the effective assistance of counsel. To establish an ineffective assistance of counsel claim, Steen must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Swift v. State, 815 So.2d 1230(¶ 17) (Miss.Ct.App.2001).
¶ 9. In support of his claim, Steen asserts that his attorney discouraged him from pursuing a sound defense by leading him to think that presenting a defense would not be beneficial against the State. Steen maintains that his attorney failed to investigate any mitigating evidence in preparation for his case and failed to conduct interviews with witnesses.
¶ 10. Mississippi Code Annotated Section 99-39-9 (Rev.2000), provides that motions for post-conviction relief should contain affidavits which include facts and state how or by whom these facts will be proven. Laushaw v. State, 791 So.2d 854(¶ 14) (Miss.Ct.App.2001). Although Steen has made the above assertions, he has not provided a list of these witnesses nor has he provided affidavits or other evidence which set forth the facts and evidence to support this claim. Moore v. State, 676 So.2d 244, 246 (Miss.1996).
¶ 11. The record of the plea hearing reflects that Steen, under oath, indicated satisfaction with his attorney's representation. This Court places great weight upon the sworn testimony of a defendant given during a plea hearing, Calvert v. State, 726 So.2d 228(¶ 11) (Miss.Ct.App. 1998), and requires something more than mere assertions to disregard that testimony. Id.
¶ 12. Because no evidence has been presented to this Court in support of Steen's position, we find no merit in this issue.

II.

Whether Steen's guilty pleas were voluntary.
¶ 13. Steen asserts that his guilty pleas were involuntary due to threats and coercion.
¶ 14. Rule 8.03(A)(3) of the Uniform Circuit and County Court Rules states:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced *1041 by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
The record reflects that when asked by the trial judge whether he had been threatened or coerced into pleading guilty, Steen stated that he had not been threatened or coerced. Again, this Court does, and is entitled, to place great weight upon the sworn testimony of a defendant given at a plea hearing. Templeton v. State, 725 So.2d 764(¶ 11) (Miss.1998). This is true even where the defendant now raises assertions to the contrary. Steen stated that he was guilty of the sale of marijuana as set forth in the indictments, and it was for that reason he entered pleas of guilty.
¶ 15. In his petition for post-conviction collateral relief, Steen now claims that his attorney placed undue pressure on him to plead guilty by leading him to believe that he would receive a longer sentence than another co-defendant. Steen also alleges that the district attorney informed a relative that Steen would receive the maximum sentence if he did not plead guilty. Steen asserts that he was threatened by former Sheriff Troy Steed and drug enforcement agents Mike Perkins and Adrian Lamond who indicated that if he did not plead guilty, his sentence would be greater.
¶ 16. While Steen has made all of these allegations, he has failed to produce evidence to establish their truth. Where defendant now seeks to contradict a solemn statement under oath, he is required to offer significantly more than mere allegations. White v. State, 818 So.2d 369(¶ 5) (Miss.Ct.App.2002). Steen has not met this burden.
¶ 17. This Court finds no merit in this claim.
¶ 18. THE JUDGMENT OF THE ATTALA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.