922 So.2d 853 (2006)
Quentin Demarco WILLIAMS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02242-COA.
Court of Appeals of Mississippi.
March 7, 2006.
*854 Quentin Demarco Williams, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. Quentin Demarco Williams, pro se, appeals the denial of his motion for post-conviction relief by the Circuit Court of Pontotoc County. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On July 7, 2003, Williams, assisted by counsel, entered a plea of guilty to the charge of armed robbery in the Circuit Court of Pontotoc County. The circuit court accepted the prosecution's recommendation and sentenced Williams to twenty years in the custody of the Mississippi Department of Corrections, with twelve years suspended, followed by five years of post-release supervision. On July 1, 2004, Williams filed a timely motion for post-conviction relief pursuant to Mississippi Code Annotated section 99-39-5 *855 (Rev.2000). In his motion, Williams asserted that he was innocent and that newly discovered evidence exculpated him, that his guilty plea had not been entered knowingly and voluntarily, that he was not afforded effective assistance of counsel, and that he had been improperly sentenced. The trial court denied Williams's motion, and he timely appealed to this Court.

STANDARD OF REVIEW
¶ 3. This Court reviews the denial of post-conviction relief under the "clearly erroneous" standard. Robinson v. State, 904 So.2d 203, 204 (¶ 3) (Miss.Ct.App. 2005) (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). Thus, this Court will not disturb a trial court's factual findings unless they are found to be clearly erroneous. Questions of law, however, are reviewed de novo. Id.

ISSUES AND ANALYSIS

I. WHETHER WILLIAMS'S GUILTY PLEA WAS ENTERED KNOWINGLY AND VOLUNTARILY.

II. WHETHER WILLIAMS SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 4. Williams vaguely asserts that his guilty plea to the charge of armed robbery was obtained through coercion. Williams contends that the coercion, allowed by his attorney, constitutes ineffective assistance and renders his guilty plea involuntary. The main thrust of Williams's argument is that he is in fact innocent and was coerced into pleading guilty based upon certain actions taken by his attorney and the police department. Specifically, Williams contends that prior to his guilty plea, his attorney advised him to cooperate with the police and then wrongfully allowed the police to obtain a confession. Williams, without his attorney, allegedly confessed to the crime of armed robbery after reading a statement by one of his co-defendants implicating him in the crime. However, this co-defendant later recanted that statement, and Williams now contends that this "newly discovered evidence" renders his guilty plea ineffective because his confession was tainted. Additionally, Williams asserts that the police coerced his co-defendant into wrongfully implicating Williams in the crime, thus tainting Williams's confession further.
¶ 5. Contrary to Williams's present contentions, he testified at his plea colloquy that he had not been coerced into pleading guilty. The following exchange took place between Williams and the circuit court:
Q. Mr. Williams, is your plea of guilty free and voluntary on your part?
A. Yes, sir.
Q. Has anyone threatened you in any way or promised you anything in order to get you to plead guilty to the charge or charges against you?
A. No, sir.
¶ 6. The test for ineffective assistance of counsel is stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, the defendant bears the burden of establishing ineffective assistance of counsel. In order to meet this burden, the defendant must show (1) that defense counsel's performance was deficient when measured by the objective standard of reasonable professional competence, and (2) that the defendant was prejudiced by counsel's failure to meet that standard. Pleas v. State, 766 So.2d 41, 42 (¶ 3) (Miss.Ct.App.2000) (citing Wiley v. State, 750 So.2d 1193, 1198 (¶ 11) (Miss.1999)). Where a defendant enters a guilty plea, the key question is whether "there is a reasonable probability that had counsel's assistance been effective, [the defendant] would not have pled guilty, but would have insisted on going to *856 trial." Id. at 43(¶ 7) (citing Bell v. State, 751 So.2d 1035, 1038(¶ 14) (Miss.1999)).
¶ 7. In the present case, Williams testified in his plea colloquy that he was satisfied with the advice and counsel provided by his attorney. He further repeatedly admitted that he took part in the robbery, but stated that he had not carried a weapon. Defense counsel and Williams stressed this fact to the trial judge prior to sentencing. Williams stated, "I know I done wrong, but I did not have a gun. I was there. That's the reason I pleaded guilty. Things got rough for me, and I thought that might have been the way out, but I was wrong." This Court gives great weight to statements made under oath. Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999). Contrary to Williams's present contentions, nothing in the record demonstrates that his plea was anything but voluntary. Williams has failed to prove any specific proof of coercion or deficiency in his attorney's recommendation to plead guilty. Counsel's advice that Williams plead guilty to the charge of armed robbery was clearly "within the range of competence demanded of attorneys in criminal cases." See McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Moreover, Williams's claim of innocence is without merit as he has failed to demonstrate any specific evidence not available at the time of his plea proving that his guilty plea and admissions were anything but the truth. While Williams's co-defendant may have "changed his story," Williams was not convicted on the testimony of his co-defendant. Williams pled guilty in open court. If, in fact, Williams was innocent, he was well aware of that at the time of his guilty plea. Accordingly, Williams has failed to provide sufficient proof to sustain his contention that his guilty plea was not entered knowingly and voluntarily. Therefore, this issue is without merit.

III. WHETHER THE TRIAL COURT ERRED BY IMPOSING A SENTENCE IN VIOLATION OF THE UNITED STATES CONSTITUTION AND THE LAWS OF THE STATE OF MISSISSIPPI.
¶ 8. Williams also asserts that his sentence was "in violation of the United States, the Constitution and the law of the State of Mississippi." However, Williams never specifically expounds on how the court erred in sentencing him. We have compared Williams's sentence with the statutory sentencing authority and find that his sentence was proper. Williams pled guilty to the charge of armed robbery. Under Mississippi Code Annotated, section 97-3-79 (Rev.2000), the minimum sentence for conviction of armed robbery is three years in prison. The maximum sentence, if imposed by a jury, is life in prison. If the judge, rather than a jury, imposes the sentence, "the judge must sentence the defendant to a definite term reasonably expected to be less than life." Payton v. State, 897 So.2d 921, 950(¶ 110) (Miss.2003) (citing Stewart v. State, 372 So.2d 257, 258 (Miss.1979)). Williams has made no claim that the twenty years imposed by the trial court is in excess of his life expectancy. Accordingly, the sentence was within the statutory range. Further, the trial judge suspended twelve years of Williams's sentence and imposed five years of post-release supervision. The trial court was authorized to do so under section 47-7-34 of the Mississippi Code (Rev. 2000), which allows the trial judge to sentence a defendant to a term of post-release supervision as long as the total number of years of incarceration plus the total number of years of post-release supervision does not exceed the maximum sentence authorized by law. We find nothing improper in Williams's sentence, suspended *857 sentence, or post-release supervision. Accordingly, this issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.