KING, C.J.,
for the Court:
¶ 1. Timothy Wayne Diggs filed a motion for post-conviction relief in the Circuit Court of Lawrence County. The trial court dismissed the motion, and Diggs now appeals. On appeal, Diggs claims that:
I. His constitutional rights were violated because: (a) he was sentenced to a mandatory sentence, without the benefit of earned time; (b) he was not indicted for the offense; and (c) there was no firearm or deadly weapon introduced into evidence to substantiate the charge of armed robbery;
II. He was denied due process of law because the trial court failed to advise him that he could seek a direct appeal of his sentence;
III. He received ineffective assistance of counsel; and
IV. A sufficient factual basis was not established for his guilty plea.
We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Diggs executed a waiver of indictment and consented to be charged by information for the crime of armed robbery. The information alleged that:
On or about February 9, 2005, in Lawrence County, Mississippi, Timothy Wayne Diggs did feloniously take the personal property of Valley Quick Stop from its clerk, Wanda Renfroe, by putting her in fear of immediate injury to her person by the exhibition of a handgun, a deadly weapon, contrary to and in violation of [Mississippi Code Annotated section] 97-3-79, as amended, against the peace and dignity of the State of Mississippi.
On April 21, 2005, Diggs entered his guilty plea to the charge in the Circuit Court of Lawrence County. Satisfied that Diggs was making an intelligent and voluntary guilty plea, the trial court accepted his plea.
¶ 3. Diggs’s sentencing hearing was held on May 13, 2005. During the hearing, Diggs apologized for his involvement in the crime. However, he informed the trial court that he was not the person who *364 actually went into the convenience store with the gun. Diggs claimed that he never left the car and remained outside the entire time. The trial court agreed to take Diggs’s claims into consideration when sentencing him. Subsequently, on June 27, 2005, the trial court entered a judgment of conviction and sentence, finding Diggs guilty of armed robbery and sentencing Diggs to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty years suspended, ten years to serve, and five years of post-release supervision.
¶4. On May 9, 2008, Diggs filed his motion for post-conviction relief. The trial court found that Diggs’s motion was deficient on its face and without merit, and the trial court summarily dismissed the motion. Aggrieved, Diggs timely filed his notice of appeal.
ANALYSIS
¶ 5. The trial court may dismiss a motion for post-conviction relief without an evidentiary hearing where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2009). This Court will not disturb the trial court’s dismissal of a motion for post-conviction relief absent a finding that it was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, issues of law are reviewed de novo. Id.
I. Diggs’s Constitutional Rights A. Earned Time
¶ 6. Diggs contends that his constitutional rights were violated because he was sentenced to serve a mandatory ten-year sentence without the benefit of earned time. Mississippi Code Annotated section 47-5-139 (Rev.2004) precludes some inmates from eligibility for earned-time credit. In pertinent part, section 47-5-139(l)(e) provides that an inmate is not eligible for earned-time credit when “[t]he inmate has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon.”
¶ 7. Mississippi Code Annotated section 47—7—3(1) (d) (ii) (Supp.2009) dictates an inmate’s parole eligibility and provides that any inmate convicted of armed robbery on or after October 1, 1994, shall not be eligible for parole. Thus, it logically follows that “since an offender serving a sentence for an armed robbery committed on or after October 1, 1994[,] can never serve the mandatory time required for parole eligibility, he is not eligible to accrue earned[-]time credits.” Sykes v. Epps, 963 So.2d 31, 33 (¶ 7) (Miss.Ct.App.2007). Based on the foregoing, it is clear that Diggs is not entitled to accumulate earned-time credit. Thus, we find that this argument is without merit.
B. Indictment
¶ 8. Diggs argues that his guilty plea was not valid because he was not indicted for the offense of armed robbery. Diggs further contends that his guilty plea is invalid because the information did not notify him that the first ten years of his sentence was mandatory, and the information allegedly failed to cite the charging statute.
¶ 9. Article 3, Section 27 of the Mississippi Constitution provides, in pertinent part, that:
No person shall, for any indictable offense, be proceeded against criminally by information, except in cases ... where a defendant represented by counsel by sworn statement waives indictment[.]
*365 At the guilty plea proceeding, Diggs, who was represented by trial counsel, acknowledged that he understood the nature and consequences of the charge against him. He also acknowledged that he was entitled to have the matter presented to a grand jury. However, Diggs executed a sworn waiver of indictment and consented to be proceeded against by criminal information. Thus, we find that Diggs was lawfully proceeded against by criminal information in accordance with Article B, Section 27 of the Mississippi Constitution. See Edwards v. State, 995 So.2d 824, 826 (¶ ¶ 7-8) (Miss.Ct. App.2008).
¶ 10. In regard to Diggs’s remaining arguments, any complaints regarding non-jurisdictional defects in an indictment are waived upon the defendant’s entry of a guilty plea. Harris v. State, 811 So.2d 37B, 374 (¶ ¶ 6-7) (Miss.Ct.App.2001). We must note that the information did in fact cite the charging statute for armed robbery. Thus, there is no basis for this argument. Also, Diggs’s argument that his indictment failed to put him on notice that the first ten years of his sentence for armed robbery were mandatory is non-jurisdictional in nature. Thus, Diggs waived this argument upon the entry of his guilty plea. See id. (finding that a defendant’s argument that his indictment was deficient because it failed to put him on notice of restrictions denying parole and earned-time credit for the first ten years of his sentence for armed robbery were non-jurisdictional in nature and, thus, waived upon the entry of his guilty plea).
C. Firearm
¶ 11. Diggs contends that his guilty plea is invalid because there was no firearm introduced into evidence to substantiate the charge of armed robbery. However, because Diggs pleaded guilty to the charge of armed robbery, he waived his right to challenge the sufficiency of the State’s evidence. See Young v. State, 797 So.2d 239, 246 (¶ 17) (Miss.Ct.App.2001).
II. Direct Appeal of Sentence
¶ 12. Diggs argues that he was denied due process of law because the trial court failed to inform him that he could seek a direct appeal of his allegedly illegal sentence. This Court previously addressed this issue in Coleman v. State, 979 So.2d 731, 733-34 (¶ If 3-6) (Miss.Ct.App. 2008). Pursuant to Uniform Rule of Circuit and County Court 8.04(A)(4), the Court found that the trial court was not obligated to inform a defendant of his right to appeal his sentence. Id. at (¶ 6); see also Harris v. State, 5 So.3d 1127, 1131 (¶ 14) (Miss.Ct.App.2008).
¶ 13. Diggs was convicted of armed robbery under Mississippi Code Annotated section 97-3-79 (Rev.2006), which provides, in pertinent part, that:
[Wjhere the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
Accordingly, the minimum term of imprisonment is three years and the maximum term of imprisonment is “a definite term reasonably expected to be less than life.” Williams v. State, 922 So.2d 853, 856 (¶ 8) (Miss.Ct.App.2006) (quoting Payton v. State, 897 So.2d 921, 950 (¶ 110) (Miss.2003)).
¶ 14. At the time of his guilty plea, Diggs was approximately thirty-four years old. He was sentenced to thirty years in the custody of the MDOC, with twenty years suspended, ten years to serve, and five years of post-release supervision. Diggs has not presented any evidence to this Court showing that his sentence is illegal. To the contrary, we find that the *366 trial court properly sentenced Diggs within the statutory guidelines. This issue is without merit.
III. Ineffective Assistance of Counsel
¶ 15. Diggs claims that his trial counsel was ineffective. There is a strong but rebuttable presumption that trial counsel was competent and performed within the wide range of reasonable conduct expected from counsel. Wrenn v. State, 802 So.2d 177, 180 (¶ 12) (Miss.Ct.App.2001). However, the defendant may rebut this presumption upon a showing that: (1) his trial counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
¶ 16. Diggs claims that his trial counsel was ineffective because he failed to interview witnesses in preparation for trial. However, Diggs has failed to provide this Court with a list of witnesses or any affidavits of the witnesses who would have testified on his behalf, and he has failed to show how any of the alleged testimony would have altered the outcome of his guilty plea. See Miss.Code Ann. § 99-39-9 (Supp.2009); see also Steen v. State, 868 So.2d 1038, 1040 (¶ 10) (Miss.Ct.App.2004).
¶ 17. Diggs also claims that his trial counsel coerced him into pleading guilty and that his trial counsel failed to properly advise him of the potential sentence he could receive for the crime. However, the plea colloquy clearly belies Diggs’s allegations of ineffective assistance of counsel. See Nichols v. State, 994 So.2d 236, 238 (¶ 7) (Miss.Ct.App.2008) (finding that the defendant’s claim of ineffective assistance of counsel was without merit where the plea colloquy contradicted the defendant’s allegations). The trial court informed Diggs of the charges pending against him and informed Diggs of his constitutional rights. The trial court specifically asked Diggs whether he was satisfied with trial counsel’s representation and whether his trial counsel properly advised him regarding the charge. Diggs responded affirmatively. The trial court also asked Diggs whether anyone had coerced him into pleading guilty to the crime, and Diggs assured the trial court that his guilty plea was voluntary. The trial court also informed Diggs of the applicable sentencing range for the crime of armed robbery, to which Diggs raised no objections.
¶ 18. The law is clear that “[t]rial judges are entitled to place great weight upon a defendant’s initial plea under oath.” Green v. State, 880 So.2d 377, 381 (¶ 17) (Miss.Ct.App.2004) (quoting Templeton v. State, 725 So.2d 764, 767 (¶ 10) (Miss.1998)). Diggs has provided this Court with nothing more than his bare assertions to support his claims of ineffective assistance of counsel. However, more is required. See Steen, 868 So.2d at 1040 (¶ 11). Based on the foregoing, we find that Diggs’s allegations of ineffective assistance of counsel are without merit.
IV. Factual Basis for Guilty Plea
¶ 19. Diggs argues that he was wrongly convicted of armed robbery because the trial court failed to establish a sufficient factual basis to demonstrate that he was guilty of the offense. In addition to determining that a defendant’s guilty plea was made intelligently and voluntarily, the trial court must determine that there was a factual basis for the guilty plea. See Corley v. State, 585 So.2d 765, 767 (Miss.1991).
¶ 20. In the plea colloquy, Diggs explained to the trial court that he was pleading guilty because he was indeed guilty of armed robbery. Through Diggs’s own testimony, he admitted that he was *367 waiting outside in the car while the robbery took place. Diggs assumes that he cannot be guilty of armed robbery if he was not the person who actually robbed the convenience store. However, the law is clear that an accessory to armed robbery is just as guilty as the principal. McCuiston v. State, 791 So.2d 315, 317 (¶¶ 5-6) (Miss.Ct.App.2001). Based on the foregoing, we find that there was a sufficient factual basis established to warrant the trial court’s acceptance of Diggs’s guilty plea. This argument is also without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LAWRENCE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAWRENCE COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.