802 So.2d 177 (2001)
John E. WRENN, Appellant
v.
STATE of Mississippi, Appellee.
No. 97-CP-00602-COA.
Court of Appeals of Mississippi.
December 18, 2001.
*178 John E. Wrenn, Appellant Pro Se.
Office of the Attorney General by W. Glenn Watts, for Appellee.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
IRVING, J., for the Court.
¶ 1. John Wrenn filed this appeal from the Circuit Court of Marshall County following denial of his petition for post-conviction relief. Wrenn comes before this Court, pro se, asserting two issues which we quote verbatim: (1) there was a defect in the indictment, (2) his pleas of guilty were the product of ineffective assistance of counsel. Finding no error, we affirm.

FACTS
¶ 2. On February 29, 1996, John Wrenn pleaded guilty before the Circuit Court of Marshall County. Wrenn had previously filled out, with the assistance of appointed counsel, a "Petition To Enter a Guilty Plea." Wrenn acknowledged that he had completed and submitted the guilty plea petition with the assistance of his appointed counsel. The transcript of the plea proceeding reflects that Wrenn stated that he signed the "Petition To Enter a Guilty Plea." During the guilty plea hearing, the trial court advised and questioned Wrenn about his understanding of the constitutional rights he was waiving by pleading guilty. Wrenn responded that he knew and understood the constitutional rights that he was waiving or giving up, and the legal consequences flowing therefrom, if the court accepted his plea of guilty. Wrenn specifically stated he understood that if he went to trial he would be presumed innocent, that presumption of innocence would follow him throughout the course of the trial, and that the State of Mississippi would be required to present *179 evidence to establish his guilt beyond a reasonable doubt. Wrenn, however, agreed to waive these rights.
¶ 3. In addition, Wrenn acknowledged having prior convictions. He was also questioned about his understanding of the plea bargain in which the prosecution would recommend a ten-year sentence in exchange for his pleading guilty to burglary of a dwelling, reduced from burglary of a dwelling as an habitual offender. The agreement also included a recommendation that the ten-year sentence would run concurrently to any previously imposed sentences and a commitment not to prosecute Wrenn for two additional offenses, one of which was a burglary.
¶ 4. Wrenn testified that he had not been promised anything or coerced into pleading guilty, was not on drugs, and was guilty of breaking into the dwelling of another and taking a "weedeater" to sell for his cocaine addiction. After questioning Wrenn, the trial court determined that his plea was voluntarily and intelligently entered. Thereafter, he was sentenced to serve ten years in the custody of the Mississippi Department of Corrections.
¶ 5. Subsequently, Wrenn filed a timely motion for post-conviction relief. In the motion, Wrenn claimed that he was actually guilty of burglary of a building other than a dwelling. After reviewing that motion, the trial court denied relief. From that denial, Wrenn filed this appeal.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. The Defect in the Indictment

¶ 6. Wrenn contends that his indictment by the grand jury was wrongfully applied because the actual crime committed was burglary of a building other than a dwelling. Furthermore, he asserts that his attorney acted contrary to his best interest by deliberately coercing him to accept the plea against his wishes and his family's wishes.
¶ 7. The State argues that Wrenn waived any right to assert a defect in the indictment when he agreed to plead guilty. The State notes that Wrenn was advised and questioned about his understanding of the constitutional rights that he was waiving by pleading guilty. These rights included having the State prove the case against Wrenn beyond a reasonable doubt. The State cites Jefferson v. State, 556 So.2d 1016 (Miss.1989), in support of this premise. The court in Jefferson stated that a guilty plea waives a "defendant's... right to confront and cross-examine witnesses, the right to a jury trial, and the right to have the prosecution prove every element of the offense beyond a reasonable doubt." Id. at 1019.
¶ 8. The State also points out that Wrenn's petition with the trial court contained no affidavits or statement of good cause as to why affidavits could not be obtained from witnesses in support of his claims. We note, as the State further points out, that during the guilty plea hearing, Wrenn admitted to breaking and entering a "dwelling of one Larry Beesinger located at Route 2, Box 52 in Byhalia, Mississippi." This admission contradicts Wrenn's post-conviction claim that he did not break into the dwelling of another.
¶ 9. Apparently, Wrenn belatedly believes breaking into Beesinger's garage did not constitute breaking into Beesinger's dwelling. "Every building joined to, immediately connected with, or being part of the dwelling house, shall be deemed the dwelling house." Miss.Code Ann. § 97-17-31 (Rev. 2000). As the State correctly points out, whether a garage is a part of the dwelling within the meaning of the statute depends upon how it is connected *180 with or adjoined to the area of the house where the owner resides. Wrenn provided no evidence which might support a finding that the building he broke into was neither occupied nor immediately connected with the occupied part of Beesinger's house. Without such evidence, Wrenn's sworn statement made during the plea hearing must be presumed to be valid. Kirksey v. State, 728 So.2d 565, 568 (¶ 12) (Miss.1983).
¶ 10. The transcript of the plea hearing reflects that Wrenn was asked by the court, "Are you telling me, then, that you are offering your pleas of guilty of your own free and voluntary will and accord because you are guilty and for no other reason?" Wrenn responded, "Yes, sir." In addition, Wrenn stated that he understood the consequences of entering a plea of guilty.
¶ 11. Entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment with two exceptions. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). The exceptions are that a plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction. Id. Neither of these exceptions applies here, and based on the questions asked of Wrenn by the court and the answers he gave during the plea hearing, there can be no doubt that he voluntarily and knowingly entered the guilty plea.

2. Ineffective Assistance of Counsel

¶ 12. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides the criteria by which any claim of ineffective assistance of counsel is judged. A claimant must satisfy a two prong test: (1) that his counsel's performance was deficient, and (2) that this supposed deficient performance prejudiced his defense. This test is reviewed under the strong but rebuttable presumption that an attorney is competent and his conduct is reasonable. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Likewise, the State correctly asserts that the burden to prove both rests with Wrenn. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The State cites Conner v. State, 684 So.2d 608, 610 (Miss.1996), in noting that the application of the Strickland test is applied with deference to counsel's performance, considering the totality of circumstances to determine whether counsel's actions were both deficient and prejudicial.
¶ 13. In this case, Wrenn could have been prosecuted as an habitual offender. His attorney worked out a deal that allowed him to plead guilty to a lesser offense and to get two additional felonies taken care of in the process. Clearly, this is not ineffective representation. Wrenn has offered nothing to prove that he had a viable defense to the charge or either of the other felony charges that were pending. Wrenn claims that his attorney coerced him to plead guilty. However, the transcript of the plea hearing belies this assertion. The record reflects that the court asked Wrenn, "Anybody done anything to threaten you or force you in any way, coerce or make you plead guilty?" Wrenn answered, "No, sir."
¶ 14. This Court finds that Wrenn's issues lack merit, and the judgment of the trial court denying relief is affirmed.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING THE MOTION FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
*181 McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., concur.