BARNES, J.,
 

 for the Court:
 

 ¶ 1. Alan M. Avant pleaded guilty in the Circuit Court of Leake County to armed robbery. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC) and ordered to pay $8,686 in restitution to the Walnut Grove Finance, LLC. The sentence was ordered to run consecutively to the sentence Avant was serving in federal custody. Avant filed a motion for post-conviction relief, which the trial court denied. From this denial, Avant now appeals. Finding no error, we affirm the judgment of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On July 9, 2004, Avant used a firearm to rob Michael Weaver, an employee of Walnut Grove Financial, LLC, located in Leake County, Mississippi. The amount of money taken from Weaver was $8,686. Avant had two prior felony convictions in St. Clair County, Illinois: one in 2000 for burglary, for which he was sentenced to three years in the Illinois State
 
 *1118
 
 Penitentiary, and one in 2003 for robbery, for which he was sentenced to four years. Thus, Avant was indicted as a habitual offender for the Leake County armed robbery under Mississippi Code Annotated section 99-19-83 (Rev.2007).
 

 ¶ 3. However, as a result of a plea bargain, the State agreed to dismiss the habitual-offender enhancement. Avant pleaded guilty to the armed-robbery charge on January 18, 2006, and was sentenced to fifteen years in the custody of the MDOC, with the sentence to run consecutively to the sixty-three-month sentence he was serving in federal custody on a charge of felony possession of a firearm. The trial court further ordered that, upon release, Avant was to pay restitution to Walnut Grove Finance, LLC in the amount of $8,686, to be paid in monthly installments of $150 through the circuit clerk’s office. On December 1, 2008, Avant filed a motion for post-conviction relief, which the trial court denied. Avant now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 4. In reviewing a trial court’s decision to deny a motion for post-conviction relief, this Court will not reverse such a denial absent a finding that the trial court’s decision was “clearly erroneous.”
 
 Morris v. State,
 
 29 So.3d 98, 100 (¶4) (Miss.Ct.App.2010) (citation omitted). However, when questions of law are raised, the proper standard of review is de novo.
 
 Id.
 

 ANALYSIS
 

 I. Whether Avant was denied due process based upon his indictment as a habitual offender.
 

 ¶ 5. Avant claims that he was denied due process of law because the prosecution indicted him “purposefully as a habitual offender solely to force and pressure [him] to plead guilty to armed robbery when the prosecution knew [he] was not a habitual offender under the requirements of the habitual statute.” Avant’s argument is without merit. On the second page of Avant’s indictment, his two Illinois felony convictions are separately set out by cause number, type of crime, and the time to be served on each conviction. The first, cause number 00-CF-228 in the Circuit Court of St. Clair County, Illinois, shows that Avant was convicted on May 16, 2000, of the felony crime of burglary, and he was sentenced to three years in the Illinois State Penitentiary. The second, cause number 01-CF-1044 in the Circuit Court of St. Clair County, Illinois, states that Avant was convicted on March 26, 2003, of the felony crime of robbery, for which he was sentenced to four years in the Illinois State Penitentiary. The indictment notes that because of these two previous felony convictions, Avant is charged as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83. This statute provides:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 Miss.Code Ann. § 99-19-83.
 

 ¶ 6. As the language of the statute indicates, if a defendant has two prior felony charges, occurring at different times for
 
 *1119
 
 which he was sentenced to one year or more in prison, and one of the convictions is a crime of violence, then the defendant
 
 “shall
 
 be sentenced” as a habitual offender. In numerous settings and issues, our appellate courts have said that when the Legislature uses the word “shall,” the event or action being described is mandatory. “Simply stated, ‘shall’ is mandatory, while ‘may’ is discretionary.”
 
 Pitalo v. GPCH-GP, Inc.,
 
 933 So.2d 927, 929 (¶ 5) (Miss.2006) (citing
 
 Franklin v. Franklin ex rel. Phillips,
 
 858 So.2d 110, 115 (¶ 15) (Miss.2003)). Avant had two prior felony convictions with one, the robbery conviction, being a crime of violence.
 
 [1]
 

 ¶ 7. Further, Avant’s argument that he was not a habitual offender is discredited by his own testimony at the plea colloquy that he had not two, but three, felony convictions-the third being his felony possession of a firearm for which he was currently in custody. Thus, the district attorney properly indicted Avant as a habitual offender, and this issue lacks merit.
 

 II. Whether Avant’s guilty plea was voluntary.
 

 ¶ 8. Avant alleges that his counsel coerced him into entering his guilty plea. Avant correctly cites
 
 Myers v. State,
 
 583 So.2d 174 (Miss.1991) for the proposition that, if a defendant’s guilty plea is coerced or is otherwise involuntary, the judgment of conviction entered thereon is subject to collateral attack; and to be enforceable, the guilty plea must be the product of the defendant’s informed consent. However, we fail to find any coercion or lack of Avant’s informed consent to the sentence. He claims that his defense counsel committed a “tactic” of coercion by telling Avant that, if he did not plead guilty, he would receive a sentence of life without parole. Avant, now imprisoned for fifteen years, may think that he received a bad deal in the plea bargain, but the truth is that his attorney’s advice was correct. Under section 99-19-83, had Avant been convicted of the armed-robbery charge as a habitual offender, the law mandates that the defendant “shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.” Yet, as a result of his plea bargain, the prosecution agreed to drop the habitual portion of the indictment and allowed Avant to plead guilty to armed robbery with a recommendation of fifteen years in prison. In receiving the fifteen-year sentence versus life in prison without eligibility for parole or probation, Avant has indeed received a favorable outcome. Accordingly, we find this issue without merit.
 

 III. Whether there was a factual basis for the trial court’s acceptance of Avant’s guilty plea.
 

 ¶ 9. Avant claims there was no factual basis for the trial court’s acceptance of his guilty plea. He further contends that the trial court judge never found that his prior robbery conviction was a crime of violence, making him eligible for sentencing as a habitual offender.
 

 ¶ 10. Before a court may accept a guilty plea, it must determine that the plea is voluntarily and intelligently made and that there is in the record a factual basis for the plea. URCCC Rule 8.04(3). The purpose of the factual-basis rule is to make the court “delve beyond the admission of guilty lying on the surface and determine
 
 *1120
 
 for itself whether there is substantial evidence that the petitioner did in fact commit those crimes he is charged with and is not entering the plea for some other reason that the law finds objectionable.”
 
 Gaskin v. State,
 
 618 So.2d 103, 106 (Miss.1993).
 

 ¶ 11. During the plea colloquy, the trial court asked Avant’s counsel if he was waiving a reading of the indictment in open court. Avant’s attorney responded that he and his client were familiar with the indictment — “that it would charge armed robbery, and also that it would have habitual offender to it, also, which would be one that would, if the Court were to apply the statute, would be a mandatory life sentence.” Avant’s counsel said that he had “made certain my client’s familiar with that indictment.” When Avant was asked if he was familiar with the particulars of the indictment against him, he responded affirmatively.
 

 ¶ 12. The indictment charged that Avant, on July 9, 2004, did willfully, unlawfully, and feloniously take more than $10 from Michael Weaver, an employee of Walnut Grove Finance, LLC, by putting Weaver in fear of immediate injury to his person by the exhibition of a deadly weapon, namely a firearm, with the money belonging to Walnut Grove Finance, LLC. The indictment then sets out the two prior felony convictions — one for burglary and one for robbery which have been discussed previously. The trial court read aloud the indictment and asked Avant if he did the unlawful activity described in the indictment, to which Avant replied, “Yes, sir.” The trial court then inquired of Avant: “Now, by that answer, you’re telling me, you’re incriminating yourself in telling me that you’re pleading guilty because you are guilty; is that correct?” Avant answered: ‘Yes, sir. Yes, sir.” The trial court discussed with Avant all the rights that he was giving up by pleading guilty, and then the judge asked Avant if he understood; Avant answered that he did. Avant further admitted in his petition to plead guilty his guilt to the armed robbery. From our review of the record, we find that there was presented in open court a factual basis for Avant’s plea.
 

 ¶ 13. Avant further submits that the robbery charge used by the prosecution to indict him as a habitual offender cannot constitute a basis for a life sentence without eligibility for parole. However, Avant provides no authority to support this assertion. As discussed in footnote 1, the Illinois statute under which he was convicted defines robbery as the taking of property by the use of force or by threatening the imminent use of force. In
 
 Magee v. State,
 
 542 So.2d 228, 236 (Miss.1989), the supreme court held that robbery is a crime of violence for purposes of the habitual-offender statute.
 
 [2]
 
 Thus, robbery, as contemplated by both the Illinois and Mississippi statutes, is a crime of violence where a person is having his property taken from him by the use of force or by the threat of force. We find no error in the prosecution’s reliance on Avant’s robbery conviction as a basis for the habitual-offender classification. Avant also asserts that the trial court never determined that the prior robbery used as an enhancement charge involved a prior act of violence and that this is necessary for invoking section 99-19-83. Be that as it may, as a result of his
 
 *1121
 
 plea bargain, Avant was not convicted as a habitual offender, and the trial court judge had no reason to address the issue. This issue is without merit.
 

 IV. Whether the trial court erred in imposing a sentence to run consecutively to Avant’s federal sentence.
 

 ¶ 14. Avant argues that the trial court’s order — that his sentence was to run consecutively to his federal sentence term — was illegal. Without citation to any authority, Avant makes the following statements in support of his argument:
 

 This Court should find that such action was illegal. Appellant should be permitted credit on the state sentence from the date of it’s [sic] imposition notwithstanding where Appellant may have been in custody as long as he was in some form of lawful custody. The state should be responsible for its voluntary release of Appellant to another jurisdiction prior to the complete service of the state’s term. The state court imposed sentence should not have been allowed to be placed in the lay away.... This Court should find that the trial court was incorrect in imposing a sentence and releasing Appellant to another jurisdiction for service of the sentence at a future date.
 

 As previously stated, Avant failed to cite any authority to support his argument. Failure to cite authority in support of claims of error precludes this Court from considering the specific claim on appeal.
 
 Grey v. Grey,
 
 638 So.2d 488, 491 (Miss.1994). Procedural bar notwithstanding, Avant’s argument is without merit.
 

 ¶ 15. The general rule is that sentencing is within the complete discretion of the trial court and will not be subject to appellate review if the sentence is within the limits set out by statute.
 
 Hoops v. State,
 
 681 So.2d 521, 537-38 (Miss.1996). “Further, ... a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.”
 
 Id.
 
 at 538 (quoting
 
 Fleming v. State,
 
 604 So.2d 280, 302 (Miss.1992)). It is also within the trial court’s discretion whether multiple sentences will run concurrently or consecutively. Mississippi Code Annotated section 99-19-21(1) (Rev.2007) states: “When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall,
 
 in the discretion of the court,
 
 commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.” (Emphasis added). Further, it is not error for a court to impose a sentence to run consecutively with a federal sentence.
 
 See Stewart v. State,
 
 845 So.2d 744, 748 (¶ 15) (Miss.Ct.App.2003) (a circuit court’s order of a sentence to run consecutively to defendant’s federal sentence was not error).
 

 ¶ 16. The sentence for armed robbery is life imprisonment, only if set by the jury, and if the jury fails to fix the sentence at life, then the court may set a penalty of imprisonment for any term not less than three years. Miss.Code Ann. § 97-3-79. Avant’s sentence of fifteen years in prison was well within the term allowed by statute. In addition, the court was within its discretion in ordering the fifteen-year sentence to run consecutively to the federal sentence Avant was currently serving. Avant’s “layaway” sentence was, thus, valid.
 

 V. Whether the trial court erred by informing Avant that he could not appeal his sentence.
 

 ¶ 17. Avant claims that the trial court committed error by telling him, when accepting his guilty plea, that there could be no appeal. We find Avant’s statement without any basis in fact. Upon reviewing
 
 *1122
 
 the transcript of the guilty plea hearing, we find no statement by the court that Avant could not appeal his guilty plea. The only reference in the record to an appeal comes from the form language of the Petition to Plead Guilty. Under section V entitled “WAIVER OF CONSTITUTIONAL RIGHTS,” one question states: “Do you understand that, if a jury convicted you, you would have a right to appeal to our Supreme Court, but if you plead guilty, you are waiving your right to appeal your case?” Written beside this statement is the word, “Yes.”
 

 ¶ 18. Mississippi Code Annotated section 99-35-101 (Rev.2006), which was in effect when Avant was sentenced, provides that “[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.” But while a conviction from a plea of guilty may not be directly appealed, at the time Avant pleaded guilty, a defendant could directly appeal the sentence given as a result of that plea.
 
 Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989).
 
 [3]
 
 However, a circuit court is not required to inform a defendant who pleads guilty of his right to appeal the resultant sentence.
 
 Coleman v. State,
 
 979 So.2d 731, 733 (¶ 6) (Miss.Ct.App.2008). This issue is without merit.
 

 VI. Whether Avant received ineffective assistance of counsel.
 

 ¶ 19. Avant claims the following events show that he received ineffective assistance of counsel:
 

 First, defense counsel never informed Avant of the fact that armed robbery, even upon a plea of guilty carried with it a mandatory sentence. Appellant was never told of the mandatory sentencing practice until he had appeared before the trial court. It was sprung on Appellant by the trial judge for the first time. At this pointy counsel knew Appellant had passed the point of no return and that he would have to go through with the plea or prejudice himself with the court by asking questions or disagreeing. This much counsel knew the Appellant would not do. Defense counsel should have made Appellant aware of this information prior to any appearance before the trial court for a plea. Defense counsel coerced Avant into pleas by informing Avant that a failure to plead guilty would result in a sentence of life without parole; [djefense [counsel never informed Avant that the habitual charges against his [sic] were not proper where Avant was not a violent habitual offender. Had defense counsel correctly instructed Avant on these critical points, Avant would not have entered a plea of guilty. Defense [c]ounsel was clearly not informed on or fully aware of the law in regards to sentencing for that offense of armed robbery or being a habitual violent offender in Mississippi.
 

 ¶ 20. There is a strong but rebuttable presumption that Avant’s counsel was competent and performed within the wide range of reasonable conduct expected from counsel.
 
 See Wrenn v. State,
 
 802 So.2d 177, 180 (¶ 12) (Miss.Ct.App.2001) (the test for an ineffective-assistance-of-counsel claim is “reviewed under the strong but rebuttable presumption that an attorney is competent and his conduct is reasonable.”). However, a defendant may rebut this presumption by showing that: (1) his trial counsel’s performance
 
 *1123
 
 was deficient, and (2) this deficiency prejudiced his defense.
 
 Id.
 
 (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “The burden is on the defendant to demonstrate both prongs.”
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990) (citing
 
 Leatherwood v. State,
 
 473 So.2d 964, 968-69 (Miss.1985)).
 

 ¶ 21. Avant’s assertion that he was not eligible for habitual-offender status is without merit. Further, in support of his claim, Avant offers only his own statements alleging deficiency on the part of his counsel. In cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance [of counsel] claim is without merit.”
 
 Willis v. State,
 
 17 So.3d 1162, 1166 (¶ 12) (Miss.Ct.App.2009) (quoting
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995)). Avant’s allegations are directly contradicted in his sworn plea petition and his statements made under oath before the trial court. Avant agreed that his counsel advised him of the elements of the crime and that his counsel met his expectations in all aspects of his representation. Avant also admitted that the factual basis for the charge, as presented by the State, was correct. Avant stated that he was aware that the habitual-offender status carried with it a mandatory life sentence, -and the trial court informed Avant that the State’s plea bargain offer was for fifteen years. Accordingly, we find that Avant failed to prove any deficiency on the part of his counsel, and this issue is without merit.
 

 VII. Whether Avant’s motion for post-conviction relief should be granted due to cumulative error.
 

 ¶ 22. Avant’s final argument is that the cumulative effect of the errors deprived him of a constitutionally fair trial. First, we must note that Avant did not go to trial; rather, he accepted a generous plea bargain, which imposed fifteen years in custody and eliminated the possibility of his spending the rest of his life in prison. Our supreme court has held that “individual errors, not reversible in themselves, may combine with other errors to make up reversible error.”
 
 Wilburn v. State,
 
 608 So.2d 702, 705 (Miss.1992). An analysis of cumulative error must be based on the fact that each error found on appeal, standing alone, did not produce an unfair trial, but when evaluated cumulatively, the errors did produce an unfair trial.
 
 Id.
 
 However, for there to be a cumulative effect, it must be found that there were multiple errors at trial.
 
 Sheffield v. State,
 
 844 So.2d 519, 525 (¶ 16) (Miss.Ct.App.2003). We have found that there were no errors in the post-conviction procedure; therefore, this issue is without merit.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Under Illinois law, "[a] person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another
 
 by the use of force or by threatening the imminent use of force.”
 
 720 Ill. Comp. Stat. 5/18—1 (West 2002) (emphasis added).
 

 [2]
 

 . Mississippi Code Annotated section 97-3-79 (Rev.2006), which is similar to the Illinois robbery statute, defines armed robbery as follows: "Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery....”
 

 [3]
 

 . As of July 1, 2008, section 99-35-101 was amended to provide: "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.”