ROBERTS, J.,
for the Court:
¶ 1. This appeal stems from an incident that occurred on May 12, 2008, when Cedric Brooks was found in possession of marijuana while incarcerated at the Mississippi Department of Corrections (MDOC) facility in Parchman, Mississippi. Brooks was indicted for “unlawfully, willfully and feloniously” possessing 6.4 grams of marijuana in a correctional facility. On June 8, 2009, Brooks, with counsel present, entered his guilty plea to the charge at a hearing before the Sunflower County Circuit Court. He was ordered to serve three years in the custody of the MDOC to run consecutively to the sentence he was serving at the time. He was also ordered to pay all courts costs, a $300 lab fee, and $300 to Sunflower County in lieu of attorney’s fees. Brooks subsequently filed his motion for post-conviction relief (PCR) on August 16, 2010. In an order entered by the circuit judge on October 15, 2010, Brooks’s PCR motion was summarily dis *554 missed. Feeling aggrieved, Brooks now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. Brooks began his initial term of incarceration on February 13, 1996, on drug charges. On May 12, 2008, Brooks was still incarcerated on those charges. It was also on this day that two officers at the MDOC correctional facility in Parch-man, Mississippi, entered the area housing several inmates, including Brooks, to perform a check for contraband. One officer approached Brooks, escorted him to a corner, and requested that he remove his pants to check for contraband. When Brooks removed his pants, the officer noticed something fall from the zipper or waist area of Brooks’s pants. This item was later determined to be approximately 6.4 grams of marijuana.
¶ 3. Then, on December 22, 2008, a Sunflower County grand jury indicted Brooks on one count of “unlawfully, willfully, and feloniously” possessing 6.4 grams of “marihuana, a Schedule I controlled substance, within the Mississippi Department of Corrections at Parchman, Mississippi, a correctional facility!!]” Brooks, appearing before the circuit court on June 8, 2009, with counsel present, entered a guilty plea to the charge in the indictment. The circuit judge accepted Brooks’s guilty plea and sentenced him to three years in the custody of the MDOC to run consecutively to the sentence Brooks is currently serving. The circuit judge also assessed court costs, state assessments, a $300 lab fee, and $300 to be paid to Sunflower County in lieu of attorney’s fees.
¶ 4. Over a year later, on August 9, 2010, Brooks filed a PCR motion in the circuit court. The circuit judge summarily dismissed Brooks’s PCR motion in an order entered on October 15, 2010. Feeling aggrieved by the summary dismissal of his PCR motion, Brooks now appeals and raises three issues. The first issue is an ineffective-assistance-of-counsel claim. His second issue is that he claims his guilty plea was not supported by a factual basis when it was accepted. His final issue alleges a double-jeopardy violation.
STANDARD OF REVIEW
¶ 5. The standard of review that this Court applies when reviewing the circuit court’s summary dismissal of a PCR motion is found in the Mississippi Supreme Court’s decision State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000) and provides: “a trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief under the [Uniform Post-Conviction Collateral Relief Act].” The supreme court further elaborated by stating that “dismissal of a PCR motion is proper where ‘it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” Id. (quoting Turner v. State, 590 So.2d 871, 874 (Miss.1991)).
ANALYSIS
I. Ineffective Assistance of Counsel
¶ 6. Brooks’s first issue is that he received ineffective assistance of counsel at his plea hearing; however, that statement is the extent of his argument on the issue. Although in his brief, Brooks provides us with an extremely thorough analysis of the Sixth Amendment right to effective assistance of counsel, he fails to provide specific examples of how his attorney’s performance was ineffective. The lone statement that provides some insight into this issue is found in Brooks’s reply brief in which he states that his attorney did nothing but *555 coerce him into accepting a guilty plea that was not supported by a factual basis. Pursuant to Mississippi Rule of Appellate Procedure Rule 28(a)(6) which requires the appellant to state his contentions “with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on[,]” we find that Brooks failed to demonstrate any reasons for his contention that his attorney was ineffective and failed to cite any part of the record to support that contention. Claims of ineffective assistance of counsel must be pled with specificity, and affidavits to support the claim must also be attached and part of the record. Fairley v. State, 812 So.2d 259, 268-64 (¶¶ 13-14) (Miss.Ct.App.2002). In this case, the record and Brooks’s briefs are void of either. As such, we find no merit to Brooks’s ineffective-assistance-of-counsel claim.
II. Factual Basis to Accept a Guilty Plea
¶ 7. Brooks next asserts that there was not a factual basis for the circuit judge to accept his guilty plea. Pursuant to the Uniform Rule of Circuit and County Court 8.04(A)(3):
Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
(Emphasis added). This Court stated: “The purpose of the factual-basis rule is to make the court ‘delve beyond the admission of guilt lying on the surface and determine for itself whether there is substantial evidence that the petitioner did in fact commit those crimes he is charged with and is not entering the plea for some other reason that the law finds objectionable.’ ” Avant v. State, 55 So.3d 1115, 1119-20 (¶ 10) (Miss.Ct.App.2010) (quoting Gaskin v. State, 618 So.2d 103, 106 (Miss.1993)). In his brief, Brooks argues he never actually admitted that he committed any elements of the crime. He further argues that there was not enough evidence that the circuit court could say with confidence that he committed the crime.
¶ 8. When determining if there has been a sufficient factual basis to accept a guilty plea, “[w]e are not limited to the guilty plea transcript[;] however[,][t]he record as a whole must be viewed.” Gaskin, 618 So.2d at 106. In Drake v. State, 823 So.2d 593, 594 (¶7) (Miss.Ct.App.2002), this Court found that there was sufficient factual basis to accept Julius Drake’s guilty plea since at his plea hearing:
Drake was aware of the charges against him and the consequences that would result upon entering a guilty plea. He still chose to enter such a plea. Drake swore to the trial court that he had competent representation and that the elements of the crime were explained to him. He further stated that his counsel read him the written guilty plea and that he understood what it stated.
¶ 9. Then, in Corley v. State, 585 So.2d 765, 767 (Miss.1991), Randy Corley raised the same issue as Brooks and argued that since, at the plea hearing, he said, “I didn’t do the shooting,” that no factual basis existed for the circuit judge to accept the guilty plea. The Mississippi Supreme Court found that there are several ways to establish that there exists a sufficient factual basis to accept the guilty plea, but, simply, “there must be enough [evidence] that the court may say[,] with confidence^ that] the prosecution could prove the ac *556 cused guilty of the crime charged” and the defendant’s conduct could be defined as criminal. Id.
¶ 10. In the current case, Brooks entered a best-interest plea. Brooks answered in the affirmative when asked if he signed the plea petition and if all the statements and allegations in the plea petition were true. When asked by the circuit judge, Brooks had no complaints about the adequacy of his representation, and he did not indicate that the decision to enter the guilty plea was as a result of threats, force, or offers of reward. After answering in the affirmative to all the circuit judge’s questions, the State read the indictment to demonstrate what it was prepared to prove at trial. After the indictment was read into evidence, the circuit judge asked Brooks if he agreed with what had been read and whether he was pleading guilty to the charge; Brooks again answered in the affirmative. However, the circuit judge then asked if Brooks was guilty of possessing the marijuana, Brooks responded by saying, “not really in fact guilty because due to the circumstance, I am really tired and ready to get it behind me, really ready to get it behind me and go on with my life.” It is this statement on which Brooks relies to argue that there was no factual basis for the circuit judge to accept his guilty plea. Based on the case law, we disagree. Brooks signed the plea petition, verbally acknowledged his signature, and he acknowledged that all the statements and allegations in the petition were true. He was then read the indictment and had the elements of the crime explained; he again answered in the affirmative that he was guilty. Brooks’s one statement does not negate the rest of the evidence presented to establish a factual basis to accept the guilty plea. Therefore, we find that the circuit judge did not err in determining there was a factual basis to accept Brooks’s guilty plea.
III. Double Jeopardy
¶ 11. Brooks’s final argument is that he was subjected to double jeopardy because the rules violation report (RVR) he received from the MDOC about the incident was dismissed; therefore, he could not be subject to punishment through the circuit court for the same crime. This argument fails for several reasons.
¶ 12. First, Brooks cites to several leading cases that discuss due process and double jeopardy, but he fails to cite to any case that supports his contention that the RVR, an administrative proceeding, invokes double-jeopardy concerns. As was discussed in the previous issue, Mississippi Rule of Appellate Procedure Rule 28(a)(6) requires Brooks to state his contentions and also provide supporting evidence and citations. He failed to do this in the previous issue, and he has, again, failed to meet his Rule 28 duty on this issue.
¶ 13. In addition, this Court has held that “[ajdministrative proceedings do not invoke the double[-]jeopardy clause.” Brown v. Miss. Dep’t of Corrs., 906 So.2d 838, 835 (¶ 9) (Miss.Ct.App.2004). The RVR and the subsequent appeals are administrative proceedings within the MDOC; therefore, the double-jeopardy clause is not invoked in this case.
¶ 14. Finally, Brooks refers to the dismissal of his RVR for lack of evidence as a basis that the State had no evidence to indict Brooks for the crime. We must note that the record is unclear as to how the RVR was handled. The only document provided to us for review is a copy of Brooks’s second-step response form; however, this form looks completely blank except for the date and the superintendent’s signature. The rest of the text is so faint that it is impossible to read. Further, in *557 McBride v. Sparkman, 860 So.2d 1237, 1240 (¶ 17) (Miss.Ct.App.2003) (quoting Lightsey v. State, 493 So.2d 375, 377-78 (Miss.1986) (overruled on other grounds)), “for a plea of former jeopardy to avail it must be shown that a defendant was actually acquitted or convicted in a former trial on the merits of the crime for which he is again sought to be convicted.” Even if the double-jeopardy clause was properly applicable here, which we do not find, there is insufficient evidence to show that Brooks was acquitted on the merits.
¶ 15. We find this issue is without merit.
¶ 16. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.